[No. S113803. Jan. 29, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL RAY JOHNSON, Defendant and Appellant.

**COUNSEL**

Dallas Sacher, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass and Gerald A. Engler, Assistant Attorneys General, Laurence K. Sullivan and Ralph Sivilla, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CHIN, J.—** ■ A detainee or inmate may earn credits for good behavior and participation in qualifying work programs to shorten the term of sentence (collectively referred to as conduct credits). Different rules and rates apply to presentence and postsentence detainees. The rate at which these conduct credits may be earned depends in part on whether the custody time during which the credits were earned is characterized as presentence or postsentence custody. In *People v. Buckhalter* (2001) 26 Cal.4th 20 [108 Cal.Rptr.2d 625, 25 P.3d 1103] (*Buckhalter*), we held that a limited appellate remand for correction of sentencing errors does not transform a prison sentence already in progress into presentence custody for purposes of accruing conduct credits. (*Id.* at pp. 23, 40–41.) We left open two questions regarding computation of conduct credits: (1) whether a defendant's confinement between the original sentencing and resentencing resulting from a trial court's recall of sentence pursuant to Penal Code section 1170, subdivision (d), is characterized as presentence or postsentence custody, and (2) whether a defendant's state prison confinement before an appellate reversal is viewed as presentence or postsentence custody.[1] (*Buckhalter, supra,* at p. 40, fn. 10.) We recently answered the latter question in *In re Martinez* (2003) 30 Cal.4th 29 [131 Cal.Rptr.2d 921, 65 P.3d 411] (postsentence conduct credits awarded for time served in state prison between initial sentencing and reversal). We now address the former one. We conclude that, because the trial court's recall of sentence did not change defendant's postsentence status for purposes of determining conduct credits, he is not entitled to presentence conduct credits under section 4019 for time served between the original sentencing and resentencing, even while temporarily confined in local custody to attend the resentencing hearing.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

## I. RELEVANT PROCEDURAL BACKGROUND

A jury found defendant guilty of two counts of vehicle theft (Veh. Code, § 10851), and of having suffered three prior serious felony ("strike") convictions (Pen. Code, § 667, subds. (b)-(i)) and two prior prison terms (§ 667.5, subd. (b)). On May 27, 1999, the trial court imposed indeterminate, consecutive terms of 25 years to life on each vehicle theft conviction, for a total prison term of 50 years to life. Defendant was remanded to the sheriff's custody to be delivered to the custody of the Director of Corrections.

On June 18, 1999, the trial court ordered defendant to be produced and returned to the sheriff's custody. At a rehearing on June 28, 1999, the court explained that the purpose of its order to produce was "to recall the sentence that was imposed on May 27th, 1999." On its own motion, the court recalled defendant's sentence and commitment (see § 1170, subd. (d)) and resentenced him. It imposed a 25-years-to-life indeterminate term on count I, struck the prior serious felony and prison term enhancements on count II (see § 1385), and imposed a consecutive eight-month term (one-third the midterm) on that conviction. The court did not grant conduct credit under section 4019 for the custody period between May 27, 1999, and June 28, 1999. An order to return, dated June 28, 1999, directed that defendant be transported "back to the custody of the Penal Institution San Quentin-Reception Center."

The trial court later amended the abstract of judgment in a manner not relevant to the issue before us. The Court of Appeal affirmed the judgment and we denied review. On August 24, 2001, the Department of Corrections notified the trial court that defendant's term was unauthorized because a full determinate, consecutive sentence had not been imposed on count II. On November 8, 2001, the trial court imposed a 25 years-to-life sentence on count I and a consecutive sentence of 16 months (the lower term) on count II. It did not award defendant any additional conduct credits.

The Court of Appeal reversed the judgment and remanded for the limited purpose of calculating and awarding additional custody and presentence conduct credits. In determining whether defendant was entitled to presentence conduct credits between the initial sentencing hearing on May 27 and the resentencing hearing on June 28, the Court of Appeal defined defendant's custody status in terms of where he had been housed. It held that defendant was not entitled to presentence conduct credits under section 4019 while he was in the actual custody of the prison authorities, but was entitled to such credits while he was confined in county jail.

## II. DISCUSSION

Defendant claims that the Court of Appeal should have awarded him presentence conduct credits for the entire time spent confined in prison and county jail between the original sentencing and resentencing hearings. We disagree.

Section 4019, subdivision (a)(4), authorizes presentence conduct credits, at the 50 percent rate, to persons confined in a county jail or other equivalent specified facility for time served "following arrest and prior to the imposition of sentence for a felony conviction." On the other hand, section 2933, subdivision (a), authorizes postsentence conduct credits to "persons convicted of a crime and sentenced to the state prison" for time served "in the custody of the Director of Corrections."[2]

A trial court's recall of sentence is governed by section 1170, subdivision (d). In pertinent part, it states: "When a defendant . . . has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and *resentence the defendant in the same manner as if he or she had not previously been sentenced,* provided the new sentence, if any, is no greater than the initial sentence . . . . Credit shall be given for time served." (§ 1170, subd. (d), italics added.)

Defendant's claim primarily rests on the above italicized phrase. He argues that, under the plain meaning of the statute, the recall of sentence voided the initial sentence so that, as a matter of law, he had "never [been] sentenced prior to June 28, 1999." Thus, he was returned to presentence status and his custody between the original sentencing and resentencing hearings was "prior to the imposition of sentence" within the meaning of section 4019, subdivision (a)(4). We disagree.

■ First, the language of section 1170, subdivision (d), does not support defendant's claim. The statute specifies only how the offender is to be resentenced—"as if he or she had not previously been sentenced." (*Ibid.*) It allows the trial court to reconsider its original sentence and impose any new sentence that would be permissible under the Determinate Sentencing Act *if the resentence were the original sentence* so long as the new aggregate sentence does not exceed the original sentence. (*Dix v. Superior Court* (1991)

---

[2] As applicable here, defendants with two or more prior strikes are not eligible to earn any postsentence conduct credits against the indeterminate life term. (*In re Cervera* (2001) 24 Cal.4th 1073, 1076, 1080 [103 Cal.Rptr.2d 762, 16 P.3d 176].)

53 Cal.3d 442, 463 [279 Cal.Rptr. 834, 807 P.2d 1063]; *People v. Hill* (1986) 185 Cal.App.3d 831, 834 [230 Cal.Rptr. 109] [recall of sentence under § 1170, subd. (d), analogous to appellate remand for resentencing for purpose of reconsideration of entire sentence].) Thus, the " 'as if' language indicates that the resentencing authority conferred by section 1170 (d) is as broad as that possessed by the court when the original sentence was pronounced." (*Dix, supra,* 53 Cal.3d at p. 456.) Section 1170, subdivision (d), says nothing about vacating the initial sentence for credit-accrual purposes.

Second, in *Buckhalter, supra,* 26 Cal.4th at page 28, we rejected a similar argument regarding an appellate remand for resentencing. There, the defendant argued that a limited appellate remand for resentencing vacated his original sentence in all respects, his status became as though he had never been sentenced, and he was thus entitled to presentence conduct credits under section 4019. We compared the presentence credit statutes (§§ 2900.5, subd. (d) and 4019, subd. (a)(4)) with section 2900.1, which refers to a sentence modified while in progress. (*Buckhalter, supra,* at pp. 32–33.) Section 2900.5 provides that when the defendant "has been in custody" (*id.,* subd. (a)) "prior to sentencing" (*id.,* subd. (d)), the trial court must calculate and award, in the abstract of judgment (*ibid.*), "all [such] days of custody, . . . including days credited to the period of confinement pursuant to Section 4019" (*id.,* subd. (a)).

On the other hand, section 2900.1 provides that "[w]here a defendant has *served any portion of his sentence* under commitment based upon a judgment which judgment is subsequently declared invalid or *which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence* he may receive upon a new commitment for the same criminal act or acts." (Italics added.)

In denying the defendant presentence conduct credits for the period between the original sentencing hearing and resentencing, in *Buckhalter, supra,* 26 Cal.4th 20, we reasoned: "Section 2900.1 thus speaks in terms of a prison sentence already in progress, and, in contrast with section 2900.5, it omits reference to presentence good behavior credits under section 4019. The implication is that once the defendant is committed to prison, his custody is thereafter considered service of his sentence, and a remand with respect to a sentence the defendant is already serving does not render him eligible for credits of the presentence kind.

"Hence, we conclude, an appellate remand solely for correction of a sentence already in progress does not remove a prisoner from the Director's custody or restore the prisoner to presentence status as contemplated by section 4019. Clearly defendant is not entitled to section 4019 credits for his

time in a state penitentiary. Nor could he earn them during the time he was physically housed in *county jail* to permit his participation in the remand proceedings. Section 4019 does allow such credits for presentence custody in specified city or county facilities. (*Id.*, subd. (a)(4).) But defendant's temporary removal from state prison to county jail as a consequence of the remand did not transform him from a state prisoner to a local presentence detainee. When a state prisoner is temporarily away from prison to permit court appearances, he remains in the constructive custody of prison authorities and continues to earn sentence credit, if any, in that status. (See [*People v. Bruner* (1995)] 9 Cal.4th 1178, 1183 [40 Cal.Rptr.2d 534, 892 P.2d 1277]; *In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) Prison regulations specify how persons otherwise entitled to earn prison worktime credits under article 2.5 are to accrue such credits while '[r]emoved to out-to-court status.' (Cal. Code Regs., tit. 15, § 3045.3, subds. (a), (b)(7).)

"It follows that all of defendant's confinement between [the original sentencing hearing and resentencing] was imprisonment in the Director's custody, and such custody counts not as presentence confinement, but as service of his sentence. (§ 2900.1.)" (*Buckhalter, supra,* 26 Cal.4th at pp. 33–34.) The fact that the trial court proceeded to resentence defendant "cannot mean that the original sentence became void *ab initio*, rendering defendant retroactively eligible to receive presentence credit under section 4019 for his intervening time in custody." (*Buckhalter, supra,* at p. 36.)

█    The trial court here recalled the sentence solely for correction of a prison sentence already in progress and reimposed a state prison sentence at the recall hearing. As with an appellate remand solely for correction of a sentence already in progress, a recall of sentence does not remove a prisoner from the Director's custody or restore the prisoner to presentence status as contemplated by section 4019. (See *Buckhalter, supra,* 26 Cal.4th at pp. 29–30, 32–34, 40; see also § 2901 [once prisoner is delivered into custody of warden of state prison for felony commitment, such person "shall be imprisoned until duly released according to law"].)

█    Defendant relies on section 1170, subdivision (d)'s provision that "Credit shall be given for time served." He argues that because custody credits for actual time served are already authorized under section 2900.1 (an older statute), the language in subdivision (d) of section 1170 would be reduced to mere surplusage, unless it is construed to refer to presentence conduct credits under section 4019. (Stats. 1949, ch. 519, § 1, p. 926 [enacting § 2900.1]; Stats. 1976, ch. 1139, § 273, p. 5140 [enacting § 1170].) The Attorney General responds that the two statutes are not coextensive. Section 2900.1, by its terms, applies when a defendant has served part of a prison sentence based on a judgment which is "subsequently declared invalid" or

"modified during the term of imprisonment." (§ 2900.1.) On the other hand, a recall under section 1170, subdivision (d), does not necessarily modify the judgment or render it invalid; a trial court may reimpose the same judgment after a recall of sentence. Because section 1170, subdivision (d), authorizes a credit calculation in a more specific circumstance not necessarily covered by section 2900.1, the credit provision in section 1170 is not surplusage.

■ We find the Attorney General's argument more persuasive. If the Legislature had intended section 4019 conduct credits to apply to section 1170, subdivision (d), it could have used language similar to section 2900.5. (See *Buckhalter, supra,* 26 Cal.4th at p. 33.) Thus, the implication is that section 1170, like section 2900.1, omits reference to presentence conduct credits under section 4019 because it refers to a prison sentence already in progress, and a recall of such a sentence does not restore a convicted felon to presentence status.[3]

Finally, contrary to defendant's claim, he is not similarly situated to a pretrial detainee and the failure to award him section 4019 conduct credits does not violate his right to equal protection of the laws. (*Buckhalter, supra,* 26 Cal.4th at pp. 36–37 [pretrial detainee not similarly situated to state prisoner whose sentence has been remanded for reconsideration while in progress].)

## III. CONCLUSION

We reverse the judgment of the Court of Appeal to the extent it held defendant was entitled to section 4019 conduct credits for his county jail confinement between the original sentencing hearing on May 27, 1999, and the sentencing rehearing on June 28, 1999. We remand the case to that court for further proceedings consistent with this opinion.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Brown, J., and Moreno, J., concurred.

---

[3] We disapprove *People v. Honea* (1997) 57 Cal.App.4th 842 [67 Cal.Rptr.2d 303] to the extent it suggests that the defendant was entitled to section 4019 presentence conduct credits for the confinement period in local custody between the original sentencing hearing and resentencing hearing pursuant to the trial court's recall of sentence and commitment under section 1170, subdivision (d). (See *Buckhalter, supra,* 26 Cal.4th at p. 40, fn. 10.)