Filed 10/26/15  P. v. Villa CA2/6
Opinion following rehearing

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B260672 |
| Plaintiff and Respondent, | (Super. Ct. No. 2012023527) (Ventura County) |
| v. | OPINION ON REHEARING |
| ANTHONY RECINOS VILLA, | |
| Defendant and Appellant. | |

Pursuant to a plea agreement, appellant Anthony Recinos Villa pled guilty in three cases and was sentenced to an aggregate term of three years four months in prison.  Following passage of Proposition 47, the Safe Neighborhoods and Schools Act, he petitioned for resentencing in two of these cases.  The trial court granted the requested relief but simultaneously increased his sentence in the third case, at issue here, so that the overall duration of his confinement would remain the same.  Villa contends that this was unauthorized.  We disagree and affirm.[1]

### FACTS

We briefly summarize the facts of the offense from the probation officer's report.  Villa and the mother of his three-year-old daughter (mother) were arguing about

---

[1] We granted Villa's petition for rehearing so that the parties could address whether the resentencing was justified under Penal Code section 1170, subdivision (d).

money.  He slapped her four times across the face.  As she tried to run away, he grabbed her by the hair and scratched her on the back of her neck.  She ran off, but he found her hiding in the bathroom and dragged her back to the dining room.  He punched her in the eye.  When she began to yell for help, he placed her on her back, pushed his knee into her stomach, and began choking her with both hands.  He stopped when their daughter, standing next to them, cried, "No papi!"

A few weeks later, mother tried to leave her house with a friend.  Villa stopped her, stating, "You're not going anywhere, you bitch."  He sat down on her lap to keep her seated on the couch.  He told his friend Muggs to retrieve a gun and a knife.  Muggs returned with a gun in his waistband and handed Villa a six-inch knife.  Villa poked mother with it in the back of her arm while they were arguing.  Mother's friend ran out and called the police.  When officers arrived, they ordered mother to leave the residence with her daughter.  Mother could not comply because Villa was holding her against her will.  Mother and her daughter eventually left the residence after a SWAT team arrived.

PROCEDURAL BACKGROUND

An information charged Villa with one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[2] two counts of corporal injury to a cohabitant (§ 273.5, subd. (a)), and one count of false imprisonment by violence (§ 236).  Pursuant to a negotiated agreement, he pled guilty to the assault charge and one of the corporal injury charges.  The trial court suspended imposition of the sentence and placed him on formal probation for three years with terms and conditions including that he serve 270 days in county jail.

Villa's probation was terminated unsuccessfully after repeated violations. In each of two separate cases (Nos. 2014019230 & 2014020757), he pled guilty to one count of felony drug possession (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior strike.  In a "package resolution of the three matters," the trial court

_____

[2] All further statutory references are to the Penal Code unless otherwise stated.

2

sentenced him to an aggregate term of three years four months in prison. This was calculated as follows: In one of the drug possession cases, No. 2014020757, he was sentenced to the low term of 16 months, doubled to 32 months because of the strike. In the other drug possession case, No. 2014019230, he was sentenced consecutively to eight months (one-third of the midterm of two years) after the trial court struck the prior strike. In the instant domestic violence case, he was sentenced to the low term of two years for the assault conviction and the low term of two years for the corporal injury conviction, each to run concurrent to the sentence in case No. 2014020757.

Subsequently, Villa sought resentencing under Proposition 47 in the two drug cases. Because "[i]t was an agreed-upon disposition based on all the charges and all the credits," the trial court also resentenced him in the instant case so that his total period of confinement would remain the same, although he would serve the final four months in county jail rather than in state prison. The trial court achieved this result as follows: The two-year assault sentence in the instant case was deemed to be the principal term. Villa was resentenced on the corporal injury conviction to a consecutive subordinate term of one year (one-third the midterm of three years). In one of the drug cases, No. 2014020757, the trial court resentenced him to a consecutive 120 days. In the other drug case, No. 2014019230, it imposed a concurrent rather than consecutive eight-month sentence.

## DISCUSSION

Villa contends that Proposition 47 does not authorize resentencing in the instant case. No one disputes that the sentences for assault and corporal injury are outside the scope of Proposition 47. The real issue is whether, after Villa became eligible for resentencing on some of his convictions due to a change in the law, the trial court was authorized to resentence him on all of his convictions in order to keep the overall length of his bargained-for sentence the same. It is of no moment that his convictions arose from three separate cases. (§ 1170.1, subd. (a); cf. Advisory Com. com., foll. rule 4.412 of the California Rules of Court ["[A] defendant who, with the advice of counsel,

3

expresses agreement to a specified prison term normally is acknowledging that the term is appropriate for his or her total course of conduct"].)

"[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun." (*People v. Howard* (1997) 16 Cal.4th 1081, 1089.) Within 120 days of committing a defendant to state prison, however, the trial court on its own motion may "reconsider its original sentence and impose any new sentence that would be permissible under the Determinate Sentencing Act if the resentence were the original sentence so long as the new aggregate sentence does not exceed the original sentence." (*People v. Johnson* (2004) 32 Cal.4th 260, 265, italics omitted; § 1170, subd. (d)(1).) "[S]ection 1170(d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 463.)

Villa was originally sentenced on August 28, 2014. After the voters approved Proposition 47 in November, he petitioned to have his sentence recalled and to be resentenced with his drug convictions treated as misdemeanors. (§ 1170.18.) Ninety-eight days after he was committed to prison, the trial court granted Proposition 47 relief and, on its own motion, adjusted the term imposed for the domestic violence convictions so that his aggregate sentence remained the same.

Villa contends that Proposition 47 does not permit resentencing in the domestic violence case, pointing to two of its provisions. First, "[n]othing in [Proposition 47] is intended to diminish or abrogate the finality of judgments in any case not falling within [its] purview." (§ 1170.18, subd. (n).) Second, "[u]nder no circumstances may resentencing under [Proposition 47] result in the imposition of a term longer than the original sentence." (*Id.*, subd. (e).) However, this language "does not trump section 1170.1, subdivision (a) or govern aggregate . . . sentences which are treated as interlocking pieces." (*People v. Sellner* (2015) 240 Cal.App.4th 699, 702.) If Villa had not requested Proposition 47 relief, the trial court still could have resentenced him as it did pursuant to section 1170, subdivision (d). That he did request such relief changes nothing.

4

Villa also contends that he was denied due process because neither he nor mother were notified that the trial court intended to resentence him on the domestic violence counts and mother lacked an opportunity to be heard. Because he only first raised these issues in his petition for rehearing, they are forfeited. (*Akins v. State* (1998) 61 Cal.App.4th 1, 38-39, fn. 34 ["Reviewing courts need not consider points raised for the first time in a petition for rehearing"].)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

5

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.