Filed 9/16/21  P. v. Godinez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>FRANK ADAM LIENDO GODINEZ,<br><br>   Defendant and Appellant. | 2d Crim. No. B308086<br>(Super. Ct. No. 1353476)<br>(Santa Barbara County) |

The California Department of Corrections and Rehabilitation (CDCR) exercised its authority under Penal Code section 1170, subdivision (d)(1)[1] to request that the superior court recall Frank Adam Liendo Godinez's sentence and resentence him.  Specially, the CDCR recommended the trial court consider striking a five-year prior felony conviction enhancement imposed under section 667, subbdivision (a)(1).  The trial court denied the

---

[1] All subsequent statutory references are to the Penal Code, unless otherwise noted.

request, concluding it lacked discretion to recall appellant's sentence because the sentence was part of a plea bargain. Appellant contends the trial court erred because section 1170, subdivision (d)(1) expressly grants authority to recall a plea-bargained sentence. Respondent concedes the matter must be remanded and requests that we provide the trial court with direction concerning which aspects of appellant's sentence are eligible for resentencing.

FACTS

In 2014, appellant pleaded guilty to voluntary manslaughter. (§ 192, subd. (a).) He also admitted several enhancement allegations: the crime was committed for the benefit of a criminal street gang (§ 186.22, subd (b)(1)), appellant personally used a firearm (§ 12022.53, subd (d)), appellant had a prior serious felony conviction (§ 667, subd. (a)(1)), and appellant had served a prior prison term. (§667.5, subd. (b).) The trial court sentenced him to an agreed-upon term of 26 years in state prison.

In July 2019, the CDCR wrote to the superior court, "to provide the court with authority to resentence [appellant] pursuant to Penal Code section 1170, subdivision (d)." The letter explained that 2018 amendments to the Penal Code provided sentencing courts, for the first time, with discretion under section 1385 to strike enhancements imposed for prior serious felony convictions.

Appellant filed a brief in support of resentencing. He informed the trial court that he had not been subject to disciplinary proceedings while incarcerated and had taken advantage of work and rehabilitation programs, including college classes. Appellant asked the trial court to consider striking his

five-year prior felony conviction enhancement in the interests of justice.  The prosecution opposed resentencing.  Its written opposition is not included in the record.  Following a hearing, the trial court declined to recall appellant's sentence on the ground that it lacked discretion to alter a plea-bargained sentence.

DISCUSSION

Section 1170, subdivision (d)(1) provides that the trial court may "at any time upon the recommendation of the [CDCR] . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."  The statute further provides, "The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice."  (*Ibid*.)

The trial court declined to recall appellant's sentence because it concluded it lacked discretion to reduce a sentence that was part of a plea bargain.  As the parties agree, this was error.  The statute expressly permits a trial court to reduce a term of imprisonment or modify a judgment, "including a judgment entered after a plea agreement . . . ."  (§ 1170, subd. (d)(1).)  Because the trial court misunderstood its discretion under section 1170, the matter must be remanded.

On remand, the trial court may decide to recall appellant's sentence "for any reason rationally related to a lawful sentencing.  The court may then impose any otherwise lawful resentence suggested by the facts available at the time of resentencing."  (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 (*Dix*).)  At resentencing, the trial court may also "consider

3

postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated . . . ."  (§ 1170, subd. (d)(1).)

Respondent urges us to provide the trial court with direction concerning which sentence enhancements it has discretion to strike, should it decide to resentence appellant. Appellant's sentence became final in 2014.  A number of changes have been made to the trial court's sentencing discretion in the intervening years.  For example, in 2014, the trial court lacked discretion to strike the firearm use enhancement (§ 12022.53), the five-year prior serious felony conviction enhancement (§ 667), and the one-year prior prison term enhancement (§ 667.5).  By January 1, 2020, each of these statutes had been amended to grant the trial court discretion to strike the enhancement in the interest of justice.  (See, e.g., Senate Bill No. 620 (2017-2018 Reg. Sess.) (discretion to strike firearm use enhancement); Senate Bill No. 1393 (2017-2018 Reg. Sess.) (discretion to strike five-year prior serious felony conviction enhancement); Senate Bill No. 136 (2019-2020 Reg. Sess.) (discretion to strike one year prior prison term enhancement).)

Our Supreme Court is presently considering which of these statutory amendments applies to the resentencing of a person whose judgment was final before the amendments were adopted.  (See, e.g., *People v. Padilla* (Aug. 26, 2020, S263375) ___ Cal.5th ___ [2020 Cal. LEXIS 5962]; *People v. Federico* (Aug. 26, 2020, S263082) ___ Cal.5th ___ [2020 Cal. LEXIS 5958].)[2]

---

[2] In *Padilla*, No. S263375, our Supreme Court granted review on the following question:  "When a judgment becomes final, but is later vacated, altered, or amended and a new

4

Pending those decisions, we rely on the longstanding general rule that changes in the law apply prospectively, unless the Legislature expressly provides to the contrary. (§ 3 ["No part of [the Penal Code] is retroactive, unless expressly so declared"].)

The rule in California has long been that "a new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended otherwise." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 287.) *In re Estrada* (1965) 63 Cal.2d 740, established a presumption that, when the Legislature lessens the punishment for a crime, "it must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply. The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Id.* at p. 745.) *Estrada* instructs us to presume that, "in the absence of a savings clause providing only prospective relief or other clear intention concerning any retroactive effect, 'a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between

_____

sentence imposed, is the case no longer final for the purpose of applying an intervening ameliorative change in the law?" In *Federico,* No. S263082, our Supreme Court granted review on this question: "Did defendant's resentencing pursuant to Penal Code section 1170, subdivision (d)(1) 'reopen' the finality of his sentence, such that he was entitled to the retroactive application of Proposition 57 and Senate Bill No. 1391 on an otherwise long-final conviction?"

sentences that are final and sentences that are not.'" (*People v. Buycks* (2018) 5 Cal.5th 857, 881, quoting *People v. Conley* (2016) 63 Cal.4th 646, 657.)

Appellant was originally sentenced in October 2014. We affirmed the judgment following a review under *People v. Wende* (1979) 25 Cal.3d 436 and our remittitur issued in October 2015. The judgment was final at that point. (Cal. Rules of Court, rule 8.104.) All of the statutory amendments at issue here were enacted after appellant's sentence became final. Unless the new statutes expressly operate retroactively, we conclude they do not apply to appellant.

Senate Bill No. 620 (2017-2018 Reg. Sess.), amended sections 12022.5 and 12022.53 to grant the trial court discretion to strike a firearm use enhancement. The amended statute now expressly states, "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h); Stats. 2017, ch. 682, § 2.) Respondent correctly concedes the reference to "resentencing . . . pursuant to any other law" permits it to be applied retroactively.

The same cannot be said for recent amendments to section 667 (five-year prior serious felony enhancement) and section 667.5 (one-year prior prison term enhancement). Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, § 1) amended section 667 to remove a phrase that prohibited the trial court from striking the enhancement term in the interest of justice. Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) amended section 667.5 to specify that the one-year

6

enhancement term applied only to a prior prison term "for a sexually violent offense . . . ." Neither amendment expressly authorized its application to a final judgment.

Finally, our Supreme Court has not previously construed section 1170, subdivision (d)(1) to authorize the retroactive application of new sentencing laws at resentencing. In *People v. Johnson* (2004) 32 Cal.4th 260, a defendant whose sentence was recalled to correct an error contended he was entitled to presentence custody credits for time served between the original sentencing and the resentencing hearing, because the recall voided his original sentence. (*Id* at p. 265.) The Supreme Court disagreed. Although section 1170, subdivision (d) permits the trial court to resentence a defendant "'as if he or she had not previously been sentenced,'" the recall does not restore a defendant to presentence status or remove the defendant from the custody of the CDCR. (*Johnson*, *supra*, at p. 267.) Instead, the "as if" language "allows the trial court to reconsider its original sentence and impose any new sentence that would be permissible under the Determinate Sentencing Act *if the resentence were the original sentence* so long as the new aggregate sentence does not exceed the original sentence." (*Id.* at p. 265, emphasis in original.) The trial court's discretion on resentencing after a recall is "'as broad as that possessed by the court when the original sentence was pronounced.'" (*Id.* at p. 266, quoting *Dix*, *supra*, 53 Cal.3d at p. 456.)

As we have noted, when appellant was originally sentenced, the trial court lacked discretion to strike the section 667 and 667.5 enhancements. Although section 1170, subdivision (d)(1) permits the trial court to recall his sentence, it does not

7

expand the trial court's sentencing discretion or authorize the retroactive application of newly enacted sentencing laws.

## DISPOSITION

The order denying petition for resentencing is reversed. The matter is remanded to the trial court with instruction to consider whether to recall appellant's sentence pursuant to section 1170, subdivision (d)(1).

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

8

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.