Filed 1/31/24

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAMONT ALEXANDER DEAN,<br><br>    Defendant and Appellant. | A166863<br><br>(Mendocino County Super. Ct. Nos. SCUKCRCR202036556-1, SCUKCRCR202037103-1) |

    Lamont Dean was convicted of assault with intent to commit rape (Pen. Code,[1] § 220, subd. (a)(1)) and one prior strike allegation (§§ 667, subds. (b)–(i), 1170.12), as well as a separate offense of bringing drugs into a jail (§ 4573.6, subd. (a)).  The trial court sentenced him to 13 years in prison and imposed various fines and fees.  We reversed and remanded for resentencing due to an intervening change in the sentencing law.  (*People v. Dean* (June 29, 2022, A162706) [nonpub. opn.] (*Dean*).)  On remand, the trial court sentenced Dean to a total of nine years in prison and imposed various fines and fees.  Dean again appeals, raising

---

    * Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II–IV of the Discussion section, *post*.

    [1] Undesignated statutory references are to the Penal Code.

1

challenges to the trial court's calculation of his custody credits, imposition of fines despite his indigency, refusal to set aside his admission to the strike allegation at his trial for lack of the required admonitions, and denial of his motion under *People v. Marsden* (1970) 2 Cal.3d 118. The Attorney General concedes error on the first three issues. We need not address Dean's *Marsden* argument because we agree with the parties that Dean's first three arguments require reversal and remand for further proceedings.

## BACKGROUND

The details of Dean's offenses are set forth in *Dean* and are irrelevant here, so we need not repeat them. The background relevant to this appeal begins with the pretrial settlement discussions. Before trial, the prosecutor made a plea bargain offer of the low term for the assault charge, doubled, and dismissal of the drug charge. Dean's counsel told the court that Dean had rejected the offer.

Two weeks later, before beginning voir dire, the trial court asked Dean whether he was willing to stipulate to the allegation that he had previously been convicted of assault with a deadly weapon.[2] The court told Dean, "First thing we need to address is the strike that's alleged in the information. [¶] Mr. Dean, as you know, you have a right to have a jury trial or a court trial on the truth of that allegation. The strike would only be significant in terms of the consequence today or in this trial if the jury finds

_____

[2] We grant Dean's request for judicial notice of the record in *Dean*.

2

you guilty of a felony. It enhances the sentence. I know you and your attorney have talked about that." The court then asked, "With the understanding you have a right to a jury trial or a court trial on the strike, is it your intention to admit the truth of that strike and give up your right to have a jury or court trial on that?" Dean replied, "Stipulated." Dean's counsel then affirmed to the trial court that he was joining in Dean's waiver of both a jury trial and a court trial.

The trial court continued, "Mr. Dean, with your rights in mind, having talked with your attorney, I need you to tell me if you admit or deny that you suffered a conviction for assault with a deadly weapon, violation of Penal Code section 245(a) in Solano County in November of 1999. [¶] Do you admit that that is true, sir?" Dean replied, "Yes, your Honor." Dean's counsel again joined in the waiver and admission.

After the jury found Dean guilty as charged, the trial court sentenced Dean to the upper term of six years on the assault conviction. The court then doubled it based on the strike that Dean had admitted, for a total of 12 years. The court also sentenced Dean to one consecutive year for a later offense of smuggling fentanyl into the jail. Dean's total sentence was therefore 13 years. The court calculated 176 days of actual time served and 26 days of credit pursuant to section 2933.1, for total credits of 202 days. The court also imposed various fines and fees.

Dean appealed, arguing he was entitled to the retroactive application of an intervening amendment to section 1170. We

3

agreed and remanded to the trial court for a complete resentencing. Dean had also argued that the imposition of fines and fees without a hearing to determine his ability to pay them was unconstitutional and that the statutory authority for one of the fines had been repealed. We declined to address those arguments because the trial court could consider the fines anew on resentencing.

In the resentencing hearing on remand, Dean asked the trial court to impose the low term and to strike all fines and fees because he was indigent. The court announced its intention to impose the middle term of four years, doubled to eight years because of the strike allegation, with an extra year for the drug charge, for a total of nine years.

Dean personally objected, arguing, among other things, that his prior conviction did not qualify as a strike. The trial court disagreed and said that the hearing was not to challenge the validity of the strike. It viewed our opinion as stating that the strike finding remained and the only purpose for the resentencing hearing was to decide between the middle and upper terms on the assault conviction.

Dean then told the trial court that when he admitted the strike, he thought it was going to be dismissed or stricken. He said he would never have admitted the strike had he known it would double his sentence. The trial court repeated that this issue was not before it. The court continued the hearing for an updated calculation of Dean's custody credits. The court said it

wanted some argument at the continued hearing about whether it had discretion to stay the $300 fine under section 290.3.

At the continued hearing, Dean began by making a *Marsden* motion. In a closed hearing, Dean raised various complaints against his counsel, including that his counsel had not challenged the validity of the prior strike. Dean reiterated that he would never have admitted the strike had he known it would double his sentence.

Dean's counsel said the admission of the strike was a tactical choice. He also stated that the only remaining matter was the re-calculation of his credits, so that any communication difficulties were no longer significant.

The trial court found Dean's counsel had not fallen below a standard of professional representation and could continue to represent him because the only issue remaining concerned Dean's credits against his sentence. The trial court therefore denied Dean's motion.

Back in open court, the trial court confirmed that Dean's prior conviction constituted a strike. The court then sentenced Dean to the middle term of four years, doubled to eight years, with a consecutive year for the drug conviction. In both the assault and drug cases the trial court stayed the $40 court security fees and $30 criminal conviction assessments. The court imposed the statutory minimum fines of $300 under section 1202.4. The court also imposed and stayed $300 parole revocation fines. In the assault case, the court imposed a $300

5

fine under section 290.3.  The court struck the $412 probation report fee in the assault case.

The trial court then said Dean had earned 761 days actual credit with an additional 114 days pursuant to section 2933.1, for total credits of 875 days.

## DISCUSSION

### I. Calculation of additional credits

Dean first argues that, upon resentencing, the trial court should have updated only the calculation of *actual time* he served in prison and should not have updated the calculation of *conduct credits* for his time in prison.  The Attorney General agrees.  We are not bound by the Attorney General's concession of error. (*People v. Alvarado* (1982) 133 Cal.App.3d 1003, 1021.)  But after conducting our own independent investigation, we agree that the trial court erred by using the time Dean served in prison to update the calculation of Dean's conduct credits.

In *People v. Buckhalter* (2001) 26 Cal.4th 20, 30–31 (*Buckhalter*), the Supreme Court reviewed the separate and independent conduct credit schemes for presentence custody in jail (§ 4019) and postsentence imprisonment (§ 2930 et seq.).  It concluded from these statutes that when a defendant's case is remanded to the trial court for resentencing, the trial court has a duty to update the calculation all actual time served, whether before or after sentencing and in jail or prison.  (*Buckhalter,* at p. 29.)  But the defendant cannot earn additional good behavior credits under the presentencing credit scheme for time confined in the jail pending resentencing, because such good behavior

6

credits are available only to defendants before an initial sentencing.[3] (*Ibid.*) Instead, the defendant's term-shortening credits during resentencing must be calculated exclusively under the postsentence scheme, which gives the Director of Corrections the authority to establish and administer procedures for accrual and forfeiture of credits for time in work or other programs in prison. (*Id.* at pp. 29–31.)

At the original sentencing, the trial court calculated that Dean was entitled to 26 days of additional credit for his time in jail, which reflected a 15 percent cap on presentence or postsentence conduct credit under section 2933.1 for defendants convicted of a felony listed in section 667.5, subdivision (c), like Dean. At the resentencing, the trial court updated that calculation and said Dean had earned 114 days of additional credit, again based on the 15 percent cap in section 2933.1. Dean argues the trial courts for many years have customarily updated conduct credit allegations in this manner, based on a misreading of *Buckhalter* as requiring the trial court to recalculate both the actual time served and conduct credits when resentencing. In reality, *Buckhalter* said only that resentencing courts must recalculate actual time served. Dean argues that this customary approach, while erroneous, used to be a harmless overreach because trial courts calculated the conduct credits for the postsentence period using the same statutes — sections 2931 to

---

[3] The California Supreme Court later reached the same conclusion when a defendant's conviction is reversed on appeal and when a trial court recalls a defendant's sentence. (*People v. Johnson* (2004) 32 Cal.4th 260, 263.)

2933.6 — that the California Department of Corrections and Rehabilitation (CDCR) would have.

But in November 2016, the voters enacted article I, section 32 of the California Constitution, the Public Safety and Rehabilitation Act of 2016, subdivision (a)(2) of which states, "The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements." Subdivision (b) of the same provision requires the CDCR to adopt regulations to carry out this authority. (Cal. Const., art. I, § 32, subd. (b) (Public Safety and Rehabilitation Act of 2016).) Dean contends this provision repealed section 2933.1 to the extent that it capped postsentence conduct credits for defendants like Dean. He contends he is eligible for more worktime credits under the CDCR's new regulations enacted pursuant to its new constitutional authority. (See Cal. Code Regs., tit. 15, §§ 3043–3043.6.) According to Dean, the trial court's calculation of additional conduct credits for the postsentence period pursuant to the 15 percent cap in section 2933.1 was therefore incorrect and deprived him of term-shortening credits.

Dean appears to be correct that the Public Safety and Rehabilitation Act of 2016 effectively repealed sections 2933.1 as to postsentence worktime credits. However, we need not conclusively answer that question. Even if section 2933.1 remains in force, the trial court still erred under *Buckhalter* by calculating additional credits for Dean's postsentence imprisonment, as the Attorney General concedes. *Buckhalter*

8

only required a trial court resentencing a defendant to recalculate "all actual time" the defendant has served. (*Buckhalter*, *supra*, 26 Cal.4th at p. 29, italics omitted.) The CDCR is responsible for calculating a defendant's postsentence credits. (*Id.* at pp. 29–30.)

If this were the only problem with Dean's new sentence, we would simply order the abstract of judgment corrected by stating his actual time credits, including his time in prison, and reverting back to the initial calculation of 26 days of additional presentence conduct credits. The CDCR would then be free to determine any additional credits Dean may have earned after his initial sentence beyond his actual time served. However, because we are remanding to correct the other errors discussed below, we will instruct the trial court to calculate Dean's credits in line with these principles when it resentences him on remand.

## II. Fines and fees

Dean next argues that the trial court abused its discretion by imposing a $300 fine under section 290.3 and $300 restitution fines under section 1202.4 because he cannot pay them. Dean argues that the trial court imposed these fines only because it believed they were mandatory and that this was error. Dean argues that section 290.3 allows a court to refrain from imposing the fine under that section if the defendant cannot pay it and that *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) allows trial courts to stay any fine if a defendant cannot pay it.

"In a nutshell, *Dueñas*, *supra*, 30 Cal.App.5th at pages 1168–1169, held that a sentencing court violated the due process

9

rights of a defendant who committed her acts out of poverty when it imposed certain mandatory fees and fines that lack a statutory exception without first making a finding the unemployed defendant (who suffered from cerebral palsy) had the ability to pay while she was on probation." (*People v. Oliver* (2020) 54 Cal.App.5th 1084, 1100.) Several decisions have disagreed with *Dueñas*, and the California Supreme Court is currently considering the issue. (E.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, review granted Nov. 26, 2019, S258946; *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)[4] In the absence of any guidance from our Supreme Court, we adhere to the view expressed in this Division's decision in *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952 (*Cowan*) that constitutional challenges to fines or fees based on a claim that a defendant cannot pay them should be evaluated under the Eighth Amendment and article I, section 17 of the California Constitution. (*Cowan*, at p. 42; see *Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9 ["Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division"].) Four factors are relevant to that type of evaluation: " '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in

---

[4] We deny as unnecessary Dean's request for judicial notice of the Solicitor General's answering brief on the merits in *People v. Kopp*, *supra*, S257844.

similar statutes; and (4) the defendant's ability to pay.'" (*Cowan*, at p. 47.) A defendant bears the burden of proof regarding his or her ability to pay. (*Id.* at p. 49.)

The Attorney General notes that Dean challenged all fines and fees in the trial court. However, the parties never actually argued the issue. The Attorney General suggests that this, combined with Dean's claims of indigency in the trial court and indications in the original probation report that Dean may have disability or worker's compensation income, warrants remanding to the trial court for an inquiry into Dean's ability to pay the fines.[5] Dean originally asked us to strike the section 290.3 fine and stay the restitution fines, but in his reply brief he agrees with the Attorney General that remand is appropriate if we remand for resentencing because of the other errors.

We agree with the parties that remand for a hearing on Dean's ability to pay the fines is necessary. The court indicated it might stay the section 290.3 fine if allowed, and the statute does plainly so allow. (§ 290.3, subd. (a) [individuals convicted of listed offenses shall be punished by $300 fine "unless the court determines that the defendant does not have the ability to pay the fine"].) It is not clear why this was not brought to the trial court's attention. The trial court's imposition of this fine cannot

---

[5] The Attorney General suggests that Dean may have forfeited the fines issue by failing to pursue it below. But the Attorney General chooses not to urge forfeiture and addresses the issue on the merits, to forestall a claim of ineffective assistance of counsel. We will likewise address the issue in the interests of judicial economy, to avoid the need for separate habeas corpus proceedings. (*People v. Butler* (2003) 31 Cal.4th 1119, 1128.)

be considered an exercise of its informed discretion when the trial court was not aware that it had the discretion to stay it. (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 [trial courts cannot exercise informed discretion when imposing sentence if they are unaware of the scope of their discretionary powers].) The trial court appears to have credited Dean's claims that he could not pay any fines, since it stayed the $30 criminal conviction assessment and $40 court security fee. The trial court may have been willing to stay the section 290.3 fine as well, and to strike all remaining fines on constitutional grounds. However, because the parties never addressed the issue directly, the prosecutor did not have the opportunity to argue that Dean might have alternative sources of income. Nor did the parties address the other three factors under *Cowan*. (*Cowan*, *supra*, 47 Cal.App.5th at p. 47.) On remand, the parties may raise these issues again with the trial court.

## III. Stipulation to strike allegation

Dean contends the trial court erred by doubling his sentence during the resentencing because his admission of the strike allegation before his jury trial was invalid. The Attorney General agrees that Dean's admission of the strike was flawed, as do we.

The California Supreme Court's precedents " 'require, before a court accepts an accused's admission that he has suffered prior felony convictions, express and specific admonitions as to the constitutional rights waived by an admission.' " (*People v. Cross* (2015) 61 Cal.4th 164, 170 (*Cross*).)

12

Those rights are "the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers." (*Ibid.*) "[A] defendant must also be advised of 'the full penal effect of a finding of the truth of an allegation of prior convictions.' [Citation.] . . . [A]n accused, before admitting a prior conviction allegation, must be advised of the precise increase in the prison term that might be imposed, the effect on parole eligibility, and the possibility of being adjudged a habitual criminal." (*Id.* at pp. 170–171.) However, a violation of these requirements is not reversible " 'if the record affirmatively shows that [the admission] is voluntary and intelligent under the totality of the circumstances.' " (*Id.* at p. 179; see also *People v. Farwell* (2018) 5 Cal.5th 295, 303–304 ["totality of the circumstances test applies in all circumstances where the court fails, either partially or completely, to advise and take waivers of the defendant's trial rights before accepting a guilty plea" (italics omitted)].)

Dean's prior strike doubled the punishment for his assault offense, so he was entitled to the proper admonitions. (§§ 667, subds. (b)–(i), 1170.12; *Cross, supra*, 61 Cal.4th at p. 175 [admonitions required before a stipulation that exposes defendant to additional punishment, whether by enhancement or alternative sentencing scheme].) Before Dean admitted the strike, the trial court told Dean only that by admitting the strike, he would give up his right to a jury or bench trial on the allegation and that the strike would enhance his sentence. The court did not mention the privilege against self-incrimination or

13

the right to confront his accusers, nor did it tell him " 'the precise increase in the prison term that might be imposed' " as a result of the admission. (*Cross*, at p. 171.) This was error.

This error requires us to set aside the finding on the strike allegation because Dean and the Attorney General are correct that the record does not affirmatively show that Dean's admission of the allegation was voluntary and intelligent under the circumstances. (*Cross*, *supra*, 61 Cal.4th at p. 179.) When making this determination, we must consider the entire record, not just the plea colloquy, and also Dean's previous experience in the criminal justice system. (*Id.* at pp. 179–180.)

Before admitting the strike, Dean rejected an offer from the prosecutor of the "low term doubled," which would have meant a four-year prison sentence. (§ 220, subd. (a)(1) [punishment for assault with intent to commit rape is two, four, or six years].) However, we cannot say affirmatively that this, together with the trial court's "enhances" remark, means that Dean understood the full sentencing ramifications of his admission of the strike and intelligently chose to admit it anyway. There is no indication that Dean's counsel told Dean that the prosecutor's offer of four years was the result of a doubling of the low term. Dean could have simply rejected the plea offer because he was unwilling to agree to a four-year prison term, without learning of the calculation that led to that result. Additionally, neither the plea offer nor the trial court's "enhances" remark informed Dean of the arithmetic that doubling the low term would yield four years, but

14

doubling the middle term would yield eight years and doubling the upper term would yield 12 years.

There is also no indication that Dean was advised that he was waiving his rights against self-incrimination and to confront his accusers. Dean might have learned of these rights in his jury trial for the charge underlying the strike allegation, but that conviction occurred more than twenty years earlier. (See *People v. Dean* (Oct. 30, 2001, A091496) [nonpub. opn.].) The record suggests Dean faced other charges in the interim, but since the record does not contain any details of those proceedings, they tell us nothing about Dean's understanding of his rights.

The trial court stated that it knew Dean had talked with his attorney about the admission. (See *Cross*, *supra*, 61 Cal.4th at p. 180 [record did not show stipulation was knowing and voluntary in part because trial court did not ask whether defendant had discussed stipulation with counsel].) But the trial court did not explain the basis for this knowledge, nor did it give any indication that Dean had specifically discussed with his counsel the penal consequences of the plea or the waiver of his self-incrimination and confrontation rights. Dean's counsel gave no indication he had explained such issues to Dean when he joined Dean's waiver of the right to trial on the admission. In Dean's *Marsden* hearing, Dean asserted directly that he did not understand the impact of the admission and would not have admitted the strike had he known the penal consequences. In response, his counsel said only that the admission was a tactical

15

choice. Dean's counsel still did not say that he had explained the penal consequences to Dean in advance of the admission.

The trial court refused to consider this issue in the resentencing hearing because it viewed our prior opinion as establishing the validity of the strike. We declared the strike allegation irrelevant to our holding there, so we did not directly declare the strike allegation valid. But we did affirm the judgment in all respects other than the need for resentencing set out in the opinion, so the trial court's interpretation of our opinion is understandable. Nonetheless, we will not find Dean's challenge to be forfeited. Because Dean did not raise this issue in his first appeal and we did not consider it, there are no concerns here about giving Dean multiple bites at the apple. In fact, as Dean notes, we are in a better position to consider the issue in this appeal than the prior one, since we can consider the record of the *Marsden* hearing that further supports Dean's position that his counsel did not explain the consequences of the strike admission.

Moreover, considering the issue here serves the interests of judicial economy. (*People v. Butler, supra*, 31 Cal.4th at p. 1128.) The Attorney General does not dispute that reversal is warranted, so refusing to consider the issue now would require Dean to file a habeas corpus petition alleging ineffective assistance of counsel, to which the Attorney General would presumably accede. This would multiply the proceedings without changing the substantive result. In the interest of avoiding such wasteful effort, we deem it prudent to grant Dean's challenge

16

here, notwithstanding *Dean*. We also note that the Supreme Court has held that a defendant cannot forfeit an argument that an admission of a sentence-prolonging admission was not knowing and voluntary, given that the required admonitions serve a prophylactic constitutional purpose. (*Cross, supra,* 61 Cal.4th at pp. 171–173.)

## IV.  *Marsden* **motion**

Dean finally argues that the trial court erred when it denied his *Marsden* motion. The trial court denied the motion in part because it found that Dean's counsel could still represent Dean at that point in the resentencing proceedings, when the only remaining issue concerned the number of credits to which Dean was entitled. Because we are remanding for further proceedings, this aspect of the trial court's rationale for denying Dean's motion no longer holds. Accordingly, if Dean renews his *Marsden* motion on remand, the trial court should consider again whether Dean's trial court counsel adequately represented him and whether he and Dean have an irreconcilable conflict that would substantially impair Dean's right to assistance of counsel. (*People v. Smith* (2003) 30 Cal.4th 581, 604 [standard for *Marsden* motions].)

## DISPOSITION

The true finding on the strike allegation is set aside. The matter is remanded for further proceedings not inconsistent with this opinion. In all other respects, the judgment is affirmed.


BROWN, P. J.


17

WE CONCUR:

GOLDMAN, J.
SMILEY, J.*

*People v. Dean* (A166863)

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court: Mendocino County Superior Court

Trial Judge: Hon. Keith Faulder

Counsel: Meredith Fahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Catherine A. Rivlin, Gregg E. Zywicke, Deputy Attorneys General for Plaintiff and Respondent.