Filed 8/26/24  P. v. Robertson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099696 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-1994-0006552, SC057168A) |
| v. | |
| SHAWN LEROY ROBERTSON, | |
| Defendant and Appellant. | |

The trial court resentenced defendant Shawn Leroy Robertson pursuant to Penal Code section 1172.75,[1] striking two 1-year enhancements imposed under former section 667.5, subdivision (b).  On appeal, Robertson contends, and the People agree, that the trial court failed to update the abstract of judgment to include the actual time Robertson spent in custody between the initial sentencing and the resentencing.  We agree with the parties and will remand for the trial court to calculate the number of days Robertson spent in custody and to prepare an updated abstract of judgment.

---

[1]     Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 1994, the People charged Robertson with two counts of attempted murder and one count of possessing a firearm having been convicted of a felony. The People alleged Robertson had served two prior prison terms. A jury found Robertson guilty of all three offenses. The parties then waived jury and held a court trial to determine the truth of the enhancement allegations involving Robertson's criminal record. The trial court found true the allegations that Robertson had previously served two prior prison terms.

The trial court sentenced Robertson to a determinate term of 14 years in state prison, plus an indeterminate term of life in prison. The 14-year term included a one-year enhancement pursuant to former section 667.5, subdivision (b) for one of Robertson's prior prison terms. The court also imposed the one-year enhancement for the other prior prison term to be served concurrently with the rest of the sentence.

In 2023, the trial court resentenced Robertson pursuant to section 1172.75. The court noted that the parties agreed the enhancements based on Robertson's two prior prison terms should be stricken. Robertson also asked the court to strike additional enhancements and further reduce his determinate sentence. The People opposed any further modification to Robertson's sentence.

The trial court struck the one-year enhancements imposed under former section 667.5, subdivision (b). The court otherwise declined to modify Robertson's sentence, resulting in a new determinate term of 13 years in state prison, plus an indeterminate term of life in prison. The court ordered its clerk to prepare an amended abstract of judgment, but did not calculate the amount of time Robertson had served in custody. The amended abstract of judgment failed to indicate the date of the resentencing hearing at the top of the form and in section No. 15, failed to indicate in section No. 14 that the court had resentenced Robertson pursuant to section 1172.75, and failed to include all of Robertson's actual time in custody in section No. 15.

Robertson timely appealed.  This court appointed counsel for Robertson. Appointed counsel sent a letter to the trial court asking it to correct the abstract of judgment pursuant to section 1237.1 to include all the time Robertson has served in custody and to send a copy of the corrected abstract to this court, pursuant to California Rules of Court, rule 8.340(a).  The trial court has not done so.

## DISCUSSION

We agree with the parties that the trial court should have calculated and included in the amended abstract of judgment the actual time Robertson spent in custody between the initial sentencing and the resentencing.

Pursuant to section 2900.1, "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts."  This means a court resentencing a defendant must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37; see §§ 2900.1, 2900.5; see generally Couzens et al., Sentencing California Crimes (The Rutter Group 2023) §§ 15:15, 15:20, 15:24, 26:6.)  The updated total of credits must then be added to the abstract of judgment.  (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1125, 1130; § 2900.5.)[2]

Here, the trial court did not update Robertson's custody credits when it directed its

---

[2]  Because Robertson's conviction was not reversed, Robertson was not eligible to earn additional presentence conduct credits (see § 4019) while awaiting resentencing. (*People v. Johnson* (2004) 32 Cal.4th 260, 268.)  Conduct credits earned by Robertson during his prison sentence (see §§ 2930-2935) are the responsibility of the Department of Corrections and Rehabilitation and need not be added to the updated abstract.  (*In re Martinez* (2003) 30 Cal.4th 29, 37; Cal. Const., art. I, § 32, subd. (a)(2).)

clerk to prepare a new abstract of judgment. The clerk (properly, in the absence of instruction from the court) instead specified the same credits for time spent in custody awarded at the initial sentencing. On remand, the trial court will need to calculate the number of days Robertson spent in custody from the initial sentencing through the date of the resentencing and prepare an updated abstract of judgment. The trial court will also need to make other changes to the abstract of judgment form to reflect the resentencing hearing that occurred. Specifically, the trial court must make the following corrections to form CR-292: (1) in section No. 14, indicate that the court resentenced Robertson pursuant to section 1172.75; (2) at the top of the form under "Date of Hearing" and in section No. 15 under "Date Sentence Pronounced," indicate the date of the resentencing hearing; and (3) in section No. 15, indicate the number of days Robertson served in the Department of Corrections and Rehabilitation under "Time Served in State Institution" and the total number of custody credits under "Actual."

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the amended abstract of judgment as indicated in this opinion and forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

/s/
EARL, P. J.

We concur:

/s/
ROBIE, J.

/s/
RENNER, J.

4