Filed 10/1/21  P. v. Bryant CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY BRYANT,<br><br>     Defendant and Appellant. | B306977<br><br>(Los Angeles County<br>Super. Ct. No. BA248242) |

_____

APPEAL from an order of the Superior Court of Los Angeles County, Michael D. Abzug, Judge.  Affirmed.

G. Martin Velez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Paul M. Roadarmel, Jr., and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Jeffrey Bryant is currently serving a sentence of more than 60 years for taking part in five armed robberies and attempted robberies of check cashing stores in 2002 and 2003.  In January 2020, the Secretary of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending that the court recall Bryant's sentence under Penal Code[1] section 1170, subdivision (d) and resentence him in light of recent amendments to the law giving trial courts the discretion to strike certain sentence enhancements that had previously been mandatory.  In May 2020, Bryant filed a request with the trial court to dismiss enhancements that accounted for more than half his aggregate sentence.  Bryant contends that the trial court abused its discretion by rejecting his request.  We disagree and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2004, a jury convicted Bryant of three counts of robbery (§ 211), two counts of attempted robbery (§ 211, 664), three counts of false imprisonment (§ 236), and one count of possession of a firearm by a felon (former § 12021, subd. (a)(1)).[2]  The jury also found that Bryant was armed with a firearm during the commission of the offenses, and that he had previously suffered three serious felony convictions (see § 667, subd. (a)(1)).  Bryant admitted that he had three prior strike convictions, but the trial court struck two of these convictions for purposes of sentencing

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[2] In 2010, the Legislature abolished section 12021 and enacted section 29800, subdivision (a), which continues section 12021, subdivision (a) without substantive change.

pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

The trial court imposed an aggregate sentence of 60 years 8 months in prison. The sentence included three then-mandatory five-year serious felony enhancements under section 667, subdivision (a)(1), as well as more than 23 years of mandatory enhancements under sections 12022.5 and 12022.53 for personally using a firearm in the commission of the crimes. In all, the enhancements accounted for more than 38 years of the 60 years 8 month aggregate sentence.

In 2017, the Legislature enacted Senate Bill No. 620 (2017-2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2, pp. 5104−5106) (Senate Bill No. 620), which amended sections 12022.5 and 12022.53 to provide that "[t]he court may, in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section. The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law." (§ 12022.5, subd. (c); accord, § 12022.53, subd. (h).) Similarly, in 2018, the Legislature enacted Senate Bill No. 1393 (2017−2018 Reg. Sess.) (Stats. 2018, ch. 1013) (Senate Bill No. 1393), which amended section 1385 to delete a provision barring the trial court from "strik[ing] any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Former § 1385, subd. (b).) The effect of these laws was to give the trial court discretion to strike serious-felony and firearm enhancements that had previously been mandatory. (See *People v. Johnson* (2019) 32 Cal.App.5th 26, 67–68 (*Johnson*).)

3

In June 2019, the CDCR sent the trial court a letter calling the court's attention to discrepancies between the abstract of judgment and a minute order the court had issued at the time of sentencing. In January 2020, the CDCR sent another letter recommending under section 1170, subdivision (d) that the trial court recall Bryant's sentence and resentence him in light of Senate Bill No. 1393. In May 2020, Bryant filed a request with the trial court to dismiss his serious felony and firearm enhancements. The trial court denied the motion, finding that "a lengthy sentence . . . remains a lawful and appropriate reply" to Bryant's crimes.

## DISCUSSION

Bryant contends that the trial court abused its discretion by denying his motion to strike the sentence enhancements, arguing that the court failed to take into account the length of Bryant's sentence in light of the recent change in public policy against long sentences. The Attorney General disagrees on the merits and also contends that the trial court lacked jurisdiction to consider striking the enhancements because the judgment against Bryant was final at the time Senate Bill Nos. 620 and 1393 became effective. We disagree with the Attorney General on the jurisdictional question but affirm on the merits.

### A. *The CDCR Letter Gave the Trial Court Jurisdiction Under Section 1170, Subdivision (d)(1) to Consider Striking the Enhancements*

The Attorney General contends that the trial court lacked jurisdiction to consider striking Bryant's sentence enhancements. In most circumstances, the Attorney General would be correct. "When new legislation reduces the punishment for an offense,

4

we presume that the legislation applies to all cases *not yet final* as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 673 (*Esquivel*), italics added.)  This rule applies to statutes like Senate Bill Nos. 620 and 1393 that do not reduce the punishment for an offense in all cases but give trial courts discretion to reduce a sentence.  (See *Esquivel, supra*, 11 Cal.5th at pp. 675−676; *People v. Francis* (1969) 71 Cal.2d 66, 76; *Johnson, supra*, 32 Cal.App.5th at pp. 67–68.)  Unless the Legislature clearly indicates otherwise, however, we presume that ameliorative statutes do not apply do defendants whose convictions are final at the time the law becomes effective.  (See *Esquivel, supra*, at p. 677.)

A conviction is final for these purposes when "the criminal prosecution or proceeding as a whole is complete." (*Esquivel, supra*, 11 Cal.5th at p. 679.)  This occurs when the defendant has either exhausted direct review of his conviction or the time to seek direct review has expired, and, in cases where the court imposes probation, the defendant has completed probation or the order revoking probation has become final.  (*Ibid.*; *People v. McKenzie* (2020) 9 Cal.5th 40, 46.)

Neither Senate Bill No. 620 nor 1393 contains language indicating that the Legislature intended to expand the retroactive application of the law to benefit defendants whose convictions are already final.  For this reason, in cases where a defendant applied for resentencing under Senate Bill No. 620 or 1393 after his conviction was final, courts have universally held that the trial court lacked jurisdiction to grant relief.  (See, e.g., *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 (*Hernandez*); *People v. Alexander* (2020) 45 Cal.App.5th 341, 344.)

5

An exception applies, however, when the trial court acts under its authority to resentence a defendant pursuant to section 1170, subdivision (d). (*Hernandez*, *supra*, 34 Cal.App.5th at p. 326.) Under this subdivision, "the court may . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d)(1).) The trial court may exercise this authority on its own motion for up to 120 days after initially imposing the sentence, or at any time after receiving a recommendation to reconsider the sentence from the Secretary of the CDCR or certain other officials. (*Ibid.*; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1424.)

The Attorney General contends that the letter from the CDCR in June 2019 requesting that the court address inconsistencies between the abstract of judgment and the court's minute orders is not an authorization for the trial court to exercise its authority under section 1170, subdivision (d). We need not decide this question because the CDCR's subsequent letter dated January 17, 2020 unequivocally is such an authorization. In the letter, the Secretary of the CDCR "recommend[s] that inmate Bryant's sentence be recalled and that he be resentenced in accordance with section 1170, subdivision (d)." The Secretary asked the trial court in particular to consider striking the five-year serious felony enhancements from Bryant's sentence.

The CDCR letter thus gave the trial court the authority to "resentence the defendant in the same manner as if [he] had not previously been sentenced." (§ 1170, subd. (d)(1).) The Supreme Court has interpreted this text as giving the trial

court broad authority. When resentencing under section 1170, subdivision (d)(1), the court's authority is " 'as broad as that possessed by the court when the original sentence was pronounced.' " (*People v. Johnson* (2004) 32 Cal.4th 260, 266.) "The court may . . . impose any otherwise lawful resentence suggested by the facts available at the time of resentencing." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 (*Dix*).) "[U]nder the recall provisions of section 1170, subdivision (d), the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) That includes the authority to strike Bryant's firearm and serious felony enhancements. (See §§ 12022.5, subd. (c), 12022.53, subd. (h), 1385, subd. (b).)

### B. *The Trial Court Did Not Abuse Its Discretion by Declining to Strike the Enhancements*

Although the trial court had the authority under section 1170, subdivision (d)(1) to recall Bryant's sentence and strike the enhancements, it was not required to do so. The language of the statute is permissive: "[T]he court *may* . . . recall the sentence." (§ 1170, subd. (d)(1), italics added.) The Supreme Court has interpreted this to mean that, although a director of corrections may "recommend recall of a sentence *at any time*," this "apparently does *not* require the court to respond to the recommendation." (*Dix*, *supra*, 53 Cal.3d at p. 459.)

Bryant contends, and we agree, that we should review the trial court's decision in the same way we would review any other decision whether to strike sentencing enhancements—for abuse of discretion. (See *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.) " 'In reviewing for abuse of discretion, we are guided by

7

two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citation.] Second, a " 'decision will not be reversed merely because reasonable people might disagree.' " ' " (*Ibid.*) Instead, we must defer to the trial court's reasonable determinations. (See *ibid.*)

Bryant argues that the trial court failed to consider the recent shift in public policy against lengthy sentences like his, particularly in light of his age—he was 57 years old at the time of the resentencing hearing. He is correct that the Legislature and electorate have recently enacted a number of laws to reduce the amount of time inmates spend in prison. In addition to Senate Bill Nos. 620 and 1393, these include Proposition 36, which eliminated third strike sentences for nonviolent offenders, Proposition 47, which reduced certain theft- and drug-related offenses from felonies to misdemeanors, and Senate Bill No. 1437 (2017–2018 Reg. Sess.), which allows defendants convicted of murder under certain theories to vacate their convictions and be resentenced to lesser crimes.

But if the Legislature had meant to eliminate firearm and serious felony enhancements entirely, it could have repealed the relevant sections of the Penal Code. Instead. the Legislature made those enhancements discretionary, entrusting trial courts to determine in which cases lengthy sentences are merited. As we noted in our opinion in Bryant's direct appeal (*People v. Bryant* (May 31, 2005, B174618) [nonpub. opn.]),

Bryant committed five separate robberies and attempted robberies of check cashing businesses. His use of a firearm was not incidental. In at least one of the robberies, he pointed a gun at a security guard and told him to " 'get on the floor.' " (Bryant, *supra*, B174618.) Nothing in the record indicates that the trial court failed to consider the relevant factors in deciding whether to resentence Bryant, nor that the court was unreasonable in determining that "a lengthy sentence . . . remains a lawful and appropriate reply" to Bryant's crimes.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

9