Filed 10/27/21 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JULIO ARTURO CEPEDA,<br><br>    Defendant and Respondent. | B307000<br>(Los Angeles County<br>Super. Ct. No. NA090365)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br><br>NO CHANGE IN JUDGMENT |

THE COURT*:

The opinion filed October 18, 2021, in the above-entitled matter is ordered MODIFIED as follows:

1. On page 22 of the opinion, the following is added as the second paragraph of the disposition: "Assuming the resentencing proceedings occur after January 1, 2022, the court is directed to apply the newly-enacted Assembly Bill No. 1540. (Stats. 2021, ch. 719.) That bill moves the recall-and-resentencing provisions of current Penal Code section 1170, subdivision (d)(1) to a new section, 1170.03, and revises the terms of that provision. (*Id.* at § 3.) The new provision more explicitly codifies our holding in this case, requiring courts to "apply any changes in law that reduce sentences or provide for judicial discretion" when recalling and resentencing a defendant. (*Ibid.*) It also, among other things, requires the court to hold a hearing and state its reasons on the record for granting or denying recall and resentencing. (*Ibid.*)

And, in cases like this one, where the recall request was initiated by the CDCR, the new statute requires notice and the appointment of counsel, as well as a presumption in favor of recall and resentencing that can be overcome only by a finding that the inmate is an unreasonable risk of danger to public safety. (*Ibid.*)"

These modifications do not change the judgment.

The petition for rehearing is DENIED.

_____

MANELLA, P.J.          WILLHITE, J.          CURREY, J.

Filed 10/18/21 (unmodified opinion)

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIO ARTURO CEPEDA,<br><br>    Defendant and Appellant. | B307000<br>Los Angeles County<br>Super. Ct. No. NA090365 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard M. Goul, Judge. Reversed and remanded with instructions.

Sunnie L. Daniels, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2018, defendant and appellant Julio Arturo Cepeda pled guilty to carjacking as a second strike, and admitted he sustained a prior serious felony conviction. The trial court sentenced him to 15 years in state prison, which included a five-year enhancement for the prior serious felony conviction. At the time of Cepeda's plea and sentence, courts were prohibited from striking serious felony enhancements under Penal Code section 667, subdivision (a)(1).[1]

In 2020, the secretary of the California Department of Corrections and Rehabilitation ("CDCR") sent a letter to the trial court invoking the sentence recall provision of section 1170, subdivision (d)(1). The secretary's letter noted Cepeda's sentence included a five-year enhancement imposed under section 667, subdivision (a)(1), and that Senate Bill No. 1393 ("SB 1393") had given courts the discretion to strike such enhancements. The trial court recalled the sentence and held a resentencing hearing under section 1170, subdivision (d)(1), at which it declined to strike Cepeda's enhancement. The court based its decision on (1) deference to what it thought the original sentencing judge might have done if given the option to resentence Cepeda under SB 1393; and (2) its own independent assessment of the trial court file. In making its ruling, the court declined Cepeda's request that it consider additional evidence concerning his behavior in prison after being sentenced.

On appeal, Cepeda argues the trial court abused its discretion in declining to strike the enhancement. Specifically, he contends the court erred by relying on what the original

---

[1]     All further undesignated statutory references are to the Penal Code.

sentencing judge might have done and by declining to consider the additional evidence. The Attorney General contends the trial court was correct in declining to strike the enhancement, but for a different reason than the ones given by the trial court – that SB 1393 does not apply retroactively to final cases, and Cepeda's case was final when SB 1393 took effect. Cepeda counters that the language of section 1170, subdivision (d)(1) authorized the trial court, upon receiving the letter from the CDCR, to resentence Cepeda under current law, which included SB 1393.[2] We agree with Cepeda. Although SB 1393 does not apply retroactively to final cases in which the defendant directly petitions the court for relief, section 1170, subdivision (d)(1) provides the trial court the authority to recall a sentence "*at any time* upon the recommendation of the secretary" of the CDCR and "resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (Italics added.) Under this broad language, the CDCR's letter allowed the trial court to recall Cepeda's sentence and resentence him in light of SB 1393.

We note that an issue similar to the one presented in this case is currently pending before our Supreme Court. In *People v. Arnold*, (Aug. 31, 2021, S269172) [nonpub. opn.], the Court will resolve the following issue: "Did the trial court err when it declined to accept the recommendation by the California Department of Corrections and Rehabilitation that defendant's sentence be recalled (Pen. Code, § 1170, subd. (d)) in order to

---

2      The Attorney General concedes that, assuming section 1170, subdivision (d)(1) authorizes the application of SB 1393 to Cepeda's case, remand is appropriate because the trial court's reasons for declining to strike the enhancement were an abuse of discretion.

address the statutory amendments made by Senate Bill No. 1393 in light of the court's conclusion that those amendments did not apply to final judgments?" Also, in *People v. Pillsbury* (Sept. 30, 2021, C089002) ___ Cal.App.5th ___ (*Pillsbury*), our colleagues in the Third Appellate District recently held that, "upon the recommendation of the Secretary of the CDCR . . . , trial courts have the authority to recall and resentence defendants based on post-judgment changes in the law giving courts discretion to strike or dismiss enhancements, even when the judgment in the case is long since final and even when the original sentence was the product of a plea agreement." (*Id.* at p. 2.) For reasons discussed in greater detail below, we agree with *Pillsbury* and publish this opinion to augment the analysis in *Pillsbury*.

In addition to concluding section 1170, subdivision (d)(1) authorized the trial court to resentence Cepeda, we conclude the court abused its discretion when it declined to strike Cepeda's prior serious felony enhancement for the reasons stated. The case is therefore remanded for a new section 1170, subdivision (d)(1) resentencing hearing. At the new hearing, the court is directed to make its own independent ruling and to consider any additional evidence Cepeda may present concerning his behavior in prison after being sentenced.

## BACKGROUND[3]

On April 11, 2018, before Judge Richard R. Romero, Cepeda pled guilty to carjacking (§ 215, subd. (a)) as a second strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) with a prior serious felony enhancement (§ 667, subd. (a)(1)). As part of the plea

---

3    We omit recitation of the facts contained in the probation report because they are not relevant to the issues presented in this appeal.

agreement, attempted carjacking (§§ 215, subd. (a), 664) and hit-and-run (Veh. Code, § 20002, subd. (a)) charges were dismissed, along with a deadly weapon enhancement allegation on the carjacking charge (§ 12022, subd. (b)(2)). The court sentenced Cepeda to a term of 15 years in state prison, consisting of a five-year middle term for the carjacking conviction, doubled for the prior strike enhancement, plus a five-year prior serious felony enhancement. Cepeda did not appeal.

At the time of Cepeda's plea and sentence, courts were prohibited from striking serious felony enhancements under section 667, subdivision (a)(1). (*People v. Jones* (2019) 32 Cal.App.5th 267, 272.) Effective January 1, 2019, however, Senate Bill No. 1393 (2017-2018 Reg. Sess.) removed that prohibition, permitting trial courts to dismiss serious felony enhancements in furtherance of justice. (*People v. Stamps* (2020) 9 Cal.5th 685, 693 (*Stamps*); see Stats. 2018, ch. 1013, §§ 1 & 2.)

In 2020, the secretary of the CDCR sent a letter to the trial court invoking the recall provision of section 1170, subdivision (d)(1) with respect to Cepeda's case. The secretary's letter noted Cepeda's sentence included a five-year enhancement under section 667, subdivision (a)(1), and that SB 1393 had subsequently given courts the discretion to strike such enhancements. The letter included several documents relating to Cepeda's conviction and incarceration. Those documents showed that, during Cepeda's incarceration, he had not been reported for any rule violations, had received 16.25 hours of credit for participating in rehabilitative or self-help programs, and had been assigned to four educational, employment, or rehabilitative programs. The letter recommended "that inmate Cepeda's

sentence be recalled and that he be resentenced in accordance with section 1170, subdivision (d)."

The matter was assigned to Judge Richard M. Goul, who recalled the sentence and held a resentencing hearing. At the hearing, the court indicated the parties had conferred off the record about the request but stated: "I will certainly hear whatever you want to say." Defense counsel argued the court had jurisdiction under section 1170, subdivision (d)(1) to apply SB 1393 retroactively based on the CDCR's letter. The court responded it would "accept[ ] jurisdiction" over the matter and consider striking the enhancement.

Defense counsel argued it would be improper for the court, in making its ruling, to rely on Judge Romero's prior acceptance of the plea and sentence, because the original sentencing court had no opportunity to consider striking the serious felony enhancement. The prosecution did not offer any argument in response.

The court indicated it would make a two-part ruling. First, relying on *People v. Davis* (2020) 48 Cal.App.5th 543 (*Davis*), and out of deference to Judge Romero's acceptance of the plea and sentence, the court ruled it would not strike the serious felony enhancement.[4] Second, the court made the alternative ruling that, based on its own independent review of the trial court file, it would not strike the enhancement.

Defense counsel asked if the court would consider additional evidence concerning Cepeda's behavior in prison after being sentenced. The court declined the request, stating it would rely on the record already before it.

Cepeda timely appealed.

---

4    *Davis* is discussed in greater detail below in footnote 12.

**DISCUSSION**

In his opening brief, Cepeda argues the court abused its discretion by relying on Judge Romero's acceptance of the guilty plea and by declining defense counsel's request to consider additional evidence. The Attorney General counters the trial court's ruling should be affirmed because SB 1393 did not apply retroactively to Cepeda's case, which was already final when SB 1393 took effect. The Attorney General concedes, however, that, assuming SB 1393 applies to Cepeda's case, remand would be appropriate because the trial court abused its discretion by (1) concluding the plea bargain accepted by Judge Romero precluded it from exercising its own independent discretion; and (2) declining defense counsel's request that it consider additional evidence concerning Cepeda's behavior in prison after being sentenced. In his reply brief, Cepeda contends because subdivision (d)(1) of section 1170 authorizes the application of current law when resentencing defendants upon the recommendation of the secretary of the CDCR, this provision authorized the court to apply SB 1393 to Cepeda's case even though it was final when the new law took effect. For the reasons discussed below, we agree with Cepeda that subdivision (d)(1) authorizes the application of current law upon resentencing. We also agree with the parties that the trial court abused its discretion at the resentencing hearing.

## I.     Section 1170, Subdivision (d)(1) Authorizes the Application of Current Law

We begin our analysis by noting Cepeda's judgment was final when SB 1393 took effect. Cepeda entered his guilty plea and was sentenced on April 11, 2018. Because Cepeda did not appeal the judgment, it became final in June 2018. (See Cal.

7

Rules of Court, rule 8.308(a) [notice of appeal must be filed within 60 days after rendition of judgment]; *In re Spence* (1965) 63 Cal.2d 400, 405 [a judgment becomes final when "courts can no longer provide a remedy to a defendant on direct review."].) SB 1393 took effect on January 1, 2019. (*Stamps*, *supra*, 9 Cal.5th at p. 693.)

Our colleagues in Division Six have explained that the Legislature did not intend SB 1393 to apply when defendants whose cases are final directly petition the trial court. (*People v. Alexander* (2020) 45 Cal.App.5th 341, 345-346 (*Alexander*).) But *Alexander* dealt with a different issue than the one presented here. It arose from the denial of a motion for resentencing under SB 1393 brought by the defendant himself. (*Alexander*, *supra*, 45 Cal.App.5th at p. 343.) Consequently, section 1170, subdivision (d)(1) was not implicated. By contrast, Cepeda's case did not arise as a result of him filing his own SB 1393 motion in the trial court. Rather, it arose because the secretary of the CDCR wrote the trial court a section 1170, subdivision (d)(1) letter authorizing the court to resentence Cepeda. Thus, the question here is whether section 1170, subdivision (d)(1) allows the trial court, upon recommendation by the CDCR, to apply SB 1393 to cases that are already final. We conclude the answer is yes. We base this conclusion on the plain language of subdivision (d)(1) as construed by our Supreme Court in *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).

Section 1170, subdivision (d)(1) provides that a trial court "may, . . . *at any time* upon the recommendation of the secretary" of the CDCR, "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new

8

sentence, if any, is no greater than the initial sentence . . . ." (Italics added.)[5] This provision explicitly includes plea agreements and permits reduction of the defendant's term of imprisonment if it is in the interest of justice.

---

[5] The full language of section 1170, subdivision (d)(1) provides: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served."

9

As our Supreme Court has observed, "[s]ection 1170(d) is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun. [Citations.]" (*Dix*, *supra*, 53 Cal.3d at p. 455.) "[T]he resentencing authority conferred by section 1170(d) is as broad as that possessed by the court when the original sentence was pronounced," with the following two limitations: "First, the resentence may not exceed the original sentence. Second, the court must award credit for time served on the original sentence." (*Dix*, *supra*, at p. 456.)[6] Notably, in its list of limitations on resentencing authority, *Dix* does not state subdivision (d)(1) bars the application of current law, nor does the statute itself contemplate any such limitation. Under the broad authority conferred in section 1170, subdivision (d)(1), as elucidated by *Dix*, the CDCR's letter gave the trial court jurisdiction to apply to Cepeda the law in effect at the time of resentencing. (See *People v. Arias* (2020) 52 Cal.App.5th 213, 219 ["Postconviction changes in law or clarifications of the law are permissible grounds by which a trial court may recall a sentence and resentence to a lower term 'in the interest of justice.' (§ 1170, subd. (d)(1) [Citation.]"]; *Dix*, *supra*, 53 Cal.3d at p. 463 ["[S]ection 1170(d) permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment."].) For these reasons, the

---

6    Although subdivision (d)(1) has been amended since *Dix*, none of the changes to the statute has impacted or undermined *Dix*'s characterization of the trial court's resentencing authority.

trial court was correct in concluding it had jurisdiction to recall Cepeda's sentence and resentence him.[7]

As the secretary's letter suggests, the CDCR's administrative regulations are in harmony with our conclusion. The California Code of Regulations provides the CDCR may recommend recall and resentencing "[w]hen there is a change in sentencing law as described in subsection (d)(1)[.]" (Cal. Code Regs., tit. 15, § 3076.1, subd. (a)(3).) Subdivision (d)(1) of the regulation provides: "An inmate may be considered for referral pursuant to subsection (a)(3) if the applicable sentencing laws at the time of their sentencing hearing are subsequently changed due to new statutory or case law authority with statewide application." (Cal. Code Regs., tit. 15, § 3076.1, subd. (d)(1).) The CDCR's regulations are entitled to deference. (See *Dix, supra*, 53

---

7    Having concluded the CDCR's letter and subdivision (d)(1) gave the trial court jurisdiction to apply SB 1393 to Cepeda's case, we need not address Cepeda's argument, raised in the alternative, that his case was rendered nonfinal for retroactivity purposes when the trial court here recalled and resentenced him under subdivision (d)(1). We note, as do the parties, that two issues related to Cepeda's argument are currently pending in the Supreme Court in *People v. Federico* (2020) 50 Cal.App.5th 318, review granted August 26, 2020, S263082 (*Federico*), and *People v. Padilla* (2020) 50 Cal.App.5th 244, review granted August 26, 2020, S263375 (*Padilla*). The issue presented in *Padilla* is: "When a judgment becomes final, but is later vacated, altered, or amended and a new sentence imposed, is the case no longer final for the purpose of applying an intervening ameliorative change in the law?" The issue presented in *Federico* is: "Did defendant's resentencing pursuant to Penal Code section 1170, subdivision (d)(1) 'reopen' the finality of his sentence, such that he was entitled to the retroactive application of Proposition 57 and Senate Bill No. 1391 on an otherwise long-final conviction?"

11

Cal.3d at p. 460 ["Unless unreasonable or clearly contrary to the statutory language or purpose, the consistent construction of a statute by an agency charged with responsibility for its implementation is entitled to great deference. [Citation.]"]; *Nipper v. California Auto. Assigned Risk Plan* (1977) 19 Cal.3d 35, 45 ["We have generally accorded respect to administrative interpretations of a law and, unless clearly erroneous, have deemed them significant factors in ascertaining statutory meaning and purpose. [Citations.]"].)

We reject the Attorney General's contrary argument that section 1170, subdivision (d)(1) does not contemplate resentencing under current law. In support of its position, the Attorney General notes that section 3 provides "[n]o part of [the Penal Code] is retroactive, unless expressly so declared[,]" and section 1170, subdivision (d)(1) makes no express statement that new laws can be applied to a final judgment upon recall for resentencing. We find this argument unpersuasive. Section 3 "embodies the general rule of construction, coming to us from the common law, that when there is nothing to indicate a contrary intent in a statute it will be presumed that the Legislature intended the statute to operate prospectively and not retroactively." (*In re Estrada* (1965) 63 Cal.2d 740, 746.) That rule of construction, however, "should not be followed blindly in complete disregard of factors that may give a clue to the legislative intent. It is to be applied only after, considering all pertinent factors, it is determined that it is impossible to ascertain the legislative intent." (*Ibid.*) Here, the question of legislative intent is answered by the plain language of section 1170, subdivision (d)(1), which grants the trial court broad authority to resentence individual inmates, in the interest of

12

justice, "as if they had not previously been sentenced[.]" (§ 1170, subd. (d)(1).) Prohibiting the court from exercising its discretion under SB 1393 when the CDCR has recommended doing so would run contrary to the statute's plain meaning and purpose, as well as the interest of justice. (See, e.g., *Dix*, *supra*, 53 Cal.3d at p. 460.)

We likewise reject the Attorney General's contention that its position is compelled by *People v. Johnson* (2004) 32 Cal.4th 260 (*Johnson*). *Johnson* held that an inmate who is resentenced under section 1170, subdivision (d)(1) accrues postsentence, rather than presentence, custody credit for time served between the original sentencing and resentencing. (*Johnson*, *supra*, at p. 263.) The holding in *Johnson* was based on a comparative analysis of the statute dealing with presentence credits (§ 2900.5) and the statute dealing with sentences modified while in progress (§ 2900.1). (*Johnson*, *supra*, at pp. 265-268.) *Johnson* looked to these statutes, in part, because section 1170, subdivision (d)(1) did not explicitly specify whether presentence or postsentence conduct credits applied upon resentencing. *Johnson*'s holding is inapposite to the issue presented here, which, as discussed above, is resolved by subdivision (d)(1) as construed by *Dix*.

As noted above, one published opinion has addressed the issue presented in this case: *Pillsbury*, *supra* (Sept. 30, 2021, C089002) \_\_\_ Cal.App.5th \_\_\_. In *Pillsbury*, the secretary of the CDCR sent the trial court a section 1170, subdivision (d)(1) letter recommending recall and resentencing in light of Senate Bill No. 620. (*Pillsbury*, *supra*, at pp. 3-4.)[8] The trial court issued a

---

8      Senate Bill No. 620 amended section 12022.53, subdivision (h) to authorize courts to strike or dismiss firearm enhancements

13

written ruling declining to recall Pillsbury's sentence without explaining its reasoning. (*Id.* at p. 4.) The Court of Appeal asked the parties to provide supplemental briefing concerning whether the trial court had the authority to recall Pillsbury's sentence and resentence him under the new ameliorative law, even though his case was final. (*Id.* at p. 6.) The *Pillsbury* court held the trial court had the authority to do so under the plain language of section 1170, subdivision (d)(1). (*Pillsbury*, *supra*, at p. 7.) In reaching this conclusion, *Pillsbury* explained: "Section 1170(d)(1) authorizes the Secretary to make the recommendation 'at any time.' It then authorizes the court to 'modify the judgment' and places no limitations on when this can be done. Thus, a plain reading of the statutory language leads to the conclusion that the court can modify the judgement 'at any time,' even after the judgment has become final." (*Pillsbury*, *supra*, at p. 7.)[9] In addition to relying on the plain meaning of section 1170, subdivision (d)(1) in reaching its conclusion, *Pillsbury* noted the Supreme Court has explained resentencing courts under section 1170, subdivision (d)(1) have jurisdiction to modify "'*every* aspect of the defendant's sentence[ ]' [citation]" and "consider 'any

---

in the interest of justice pursuant to section 1385. (Stats. 2017, ch. 682, § 2.)

9      Though not relevant to Cepeda's case, in reaching its conclusion, the *Pillsbury* court also noted "the plain language of the ameliorative change to the firearm enhancement statute provides that the authority to strike or dismiss a firearm enhancement 'applies to any resentencing that may occur pursuant to any other law[ ]' (§ 12022.53, subd. (h)[ ])[,]" and concluded: "A resentencing after a recall under section 1170(d)(1) is a resentencing pursuant to law." (*Pillsbury*, *supra*, at p. 7.)

14

pertinent circumstances which have arisen since the prior sentence was imposed.'" [Citation.]" (*Pillsbury*, *supra*, at p. 7, citing *People v. Buycks* (2018) 5 Cal.5th 857, 893.) *Pillsbury* concluded "a change in the law is a 'pertinent circumstance[ ].'" (*Pillsbury*, *supra*, at p. 7.) We agree with this holding of *Pillsbury* for the reasons discussed in that opinion as well as the reasons discussed herein.[10]

We have also found two cases that, albeit in a different context from this case, analyze and disagree over the meaning of the phrase "the same manner as if he or she had not previously been sentenced" found in section 1170, subdivision (d)(1): *Federico*, *supra*, 50 Cal.App.5th 318, review granted August 26, 2020, and *People v. Lopez* (2020) 56 Cal.App.5th 835, review granted Jan. 27, 2021, S265936 (*Lopez*). The circumstances under which *Federico* and *Lopez* arose were different from Cepeda's case. They mainly deal with whether recall and resentencing under subdivision (d)(1) renders a sentence nonfinal for purposes of retroactive application of Proposition 57 relief. (*Federico*, *supra*, at pp. 324-328; *Lopez*, *supra*, at pp. 841-850.) Whereas *Federico* rejected the argument that resentencing under section 1170, subdivision (d)(1) rendered the defendant's judgment

---

10     *Pillsbury* additionally held: "while trial courts have the authority to summarily decline to recall and resentence, defendants have due process rights to notice and an opportunity to be heard before the court rules, and a statement of the court's reasons for the declination. However, in cases such as this one where the prosecution has not weighed in prior to the trial court's summary declination, . . . defendants do not have a constitutional right to counsel." (*Pillsbury*, *supra*, at p. 2.) We express no opinion concerning these additional holdings because they are not relevant to the issues presented in Cepeda's case.

nonfinal for purposes of retroactive Proposition 57 relief, *Lopez* reached the opposite conclusion. (*Federico*, *supra*, at pp. 324-328; *Lopez*, *supra*, at pp. 841-850.) The *Federico* court, in reaching its conclusion, suggested use of the phrase "in the same manner as if he or she had not previously been sentenced" in section 1170, subdivision (d)(1) compels a trial court to apply the law in effect at the time of the original sentence. (*Federico*, *supra*, at p. 327 ["Contrary to defendant's claim, section 1170, subdivision (d), says nothing about 'reopening' a judgment that has been final for years, in order to apply recently enacted laws retroactively. Moreover, remanding the case to the juvenile court for a fitness hearing pursuant to Proposition 57 would certainly not comply with the language of section 1170, subdivision (d). The statute specifically provides that the court may 'resentence the defendant in the same manner as if he or she had not previously been sentenced.' (§ 1170, subd. (d)(1), italics added.) It simply allows the court to reconsider its sentencing choices in the original sentence and resentence the defendant. [Citation.]"].)

Lopez disagreed with *Federico* on this point. It concluded section 1170, subdivision (d)(1) "does not mean, as *Federico* appears to have read it, that the resentencing court may only 'reconsider its sentencing choices in the original sentence' without regard to any intervening changes in the law. [Citation.]" (*Lopez*, *supra*, 56 Cal.App.5th at p. 846, citing *Federico*, *supra*, 50 Cal.App.5th at p. 327.) "Instead, the use of the phrase 'as if [the defendant] had not previously been sentenced' means that the resentencing court should not consider itself bound by any aspect of the previous sentence. This reading is consistent with the rest of section 1170, subdivision (d)(1), which tells the resentencing court that it may consider events arising after the original

16

conviction, such as the defendant's disciplinary history and record of rehabilitation in prison. (§ 1170(d)(1).) If *Federico* were correct that the phrase 'in the same manner' signifies that a resentencing court should only reconsider its original sentencing choices (*Federico*, *supra*, 50 Cal.App.5th at p. 327), the Legislature would not have allowed the resentencing court to consider postconviction matters. [Footnote omitted.]" (*Lopez*, *supra*, at p. 846.) *Pillsbury*, *supra*, also disagreed with *Federico* on this point, concluding, in part, that it was inconsistent with the plain meaning of section 1170, subdivision (d)(1). (*Pillsbury*, *supra*, at pp. 8-9.) We agree with *Lopez* and *Pillsbury* and respectfully disagree with the approach taken in *Federico* to the extent it is inconsistent with our analysis of subdivision (d)(1) and *Dix*.[11]

---

11    It also bears noting that we found one recent published case that arose as a result of the CDCR writing the trial court a section 1170, subdivision (d)(1) letter in light of SB 1393, though it appears the parties there did not raise the retroactivity issue presented in this case. (See *People v. Williams* (2021) 65 Cal.App.5th 828 (*Williams*).) Although *Williams* did not deal directly with the issue presented here, it noted that the Rutter Group's Sentencing California Crimes suggests courts may, upon recommendation by the CDCR under subdivision (d)(1), recall a sentence in order to apply an ameliorative law to a defendant whose judgment is final. (See *id.* at p. 834.) The Rutter Group, in turn, provides courts the following suggested procedure for handling CDCR sentencing requests under section 1170, subdivision (d)(1): "If the correction is being made for equitable reasons such as a change in the law after the defendant's conviction became final or defendant's exemplary conduct in prison, the court should order the recall of the sentence under section 1170, subdivision (d)(1)[.]" (Couzens et al., Sentencing Cal. Crimes (The Rutter Group 2021) § 29:8, pp. 26-29.)

17

In sum, the CDCR's letter gave the trial court jurisdiction under section 1170, subdivision (d)(1) to recall Cepeda's sentence and resentence him consistent with SB 1393.

## II. The Trial Court Abused its Discretion

A trial court, upon receiving a section 1170, subdivision (d)(1) letter from the CDCR, has broad discretion whether to recall the existing sentence and resentence the incarcerated individual. "[T]he Secretary's recommendation letter is but an invitation to the court to exercise its equitable jurisdiction[,]" which "furnishes the court with the jurisdiction it would not otherwise possess to recall and resentence[.]" (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866.) In this case, because the trial court has already exercised its discretion to recall Cepeda's sentence and resentence him, the remaining question is whether the court's reasoning in declining to strike the enhancement was an abuse of discretion. (See *id.* at pp. 863-864 [reviewing trial court's decision stemming from CDCR's recommendation under section 1170, subdivision (d)(1) for abuse of discretion]; *People v. McCallum* (2020) 55 Cal.App.5th 202, 211 (*McCallum*) [same]; *People v. Carmony* (2004) 33 Cal.4th 367, 374-375 [discretionary sentencing decisions are reviewed for abuse of discretion].) We agree with the parties that the court abused its discretion.

As mentioned above, the court's analysis in declining to strike the enhancement was twofold. The court's first basis for declining to strike the enhancement was deference to Judge Romero's acceptance of Cepeda's plea and sentence. When section 1170, subdivision (d)(1) was amended in 2018, the Legislature added language specifying that a resentencing court may "modify the judgment, including a judgment entered after a plea agreement, if it is in in the interest of justice." Because

subdivision (d)(1) explicitly provides that resentencing is not constrained by the terms of a plea bargain, the trial court erred by focusing on whether the original sentencing court would have disapproved striking the enhancement rather than inquiring whether the interest of justice now warrants departing from the bargain. The court's conclusion that it was bound by the original plea and sentence was therefore an abuse of discretion. (See, e.g., *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 ["'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.]'"].)[12]

The court's second basis for declining to strike the enhancement was its conclusion that resentencing was unwarranted after reviewing the trial court file. In independently

_____

12     As noted above, the trial court, in deferring to Cepeda's original plea, relied on *Davis*, *supra*, 48 Cal.App.5th 543. The court in *Davis* concluded that, although SB 1393 applied to Davis's case, which was not yet final, remand would be futile because the record did not indicate the trial court would have disapproved the plea bargain in light of its new discretion under SB 1393. (*Davis*, *supra*, 48 Cal.App.5th at pp. 547-548.) *Davis* dealt with the application of SB 1393 to a case on direct appeal from a plea bargain. (*Davis*, *supra*, at pp. 545-546.) *Davis* was thus different from Cepeda's case, which did not arise on direct appeal, but rather arose from the CDCR's recommendation that the trial court recall and resentence Cepeda under section 1170, subdivision (d)(1). The Supreme Court later granted review in *Davis* and transferred the case back to the Court of Appeal for reconsideration in light of the intervening decision in *Stamps*, *supra*, 9 Cal.5th 685. (*People v. Davis*, No. S262604.) *Stamps*, like *Davis*, arose on direct appeal from a plea bargain. (*Stamps*, *supra*, at pp. 692-693.) Because *Davis* and *Stamps* arose on direct appeal, and do not implicate subdivision (d)(1), they are not relevant to the issues presented in this appeal.

declining to strike the enhancement, however, the court rejected defense counsel's request that it consider additional evidence concerning Cepeda's behavior in prison after being sentenced. This too was an abuse of discretion. Section 1170, subdivision (d)(1) provides: "The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice."[13] As our colleagues in Division Seven recently explained, a trial court abuses its discretion when it declines to allow an inmate to present additional relevant evidence bearing on a section 1170, subdivision (d)(1) recall decision. (*McCallum*, *supra*, 55 Cal.App.5th at pp. 216-219.) Although *McCallum* arose from a trial court's decision not to *recall* a sentence under section 1170, subdivision (d)(1), we conclude its holding should apply with equal force where, as here, a trial court declines an inmate's request to present additional relevant evidence at the *resentencing* phase of section 1170, subdivision (d)(1) proceedings. On remand, the court is directed to consider any evidence Cepeda may offer concerning postconviction factors relevant to resentencing.

Lastly, although the parties focus on whether the trial court should have exercised its discretion to strike Cepeda's prior

---

[13] The language authorizing a resentencing court to consider postconviction factors was added to the statute effective June 27, 2018. (Stats. 2018, ch. 36, § 17.)

serious felony enhancement, we note that under section 1170, subdivision (d)(1), once a trial court recalls a sentence, it has broad discretion to "resentence the defendant in the same manner as if they had not been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (See also *Dix, supra*, 53 Cal.3d at p. 456 ["[T]he resentencing authority conferred by section 1170(d) is as broad as that possessed by the court when the original sentence was pronounced[,]" provided the resentence does not "exceed the original sentence" and the court "award[s] credits for time served on the original sentence."].) Accordingly, on remand, the trial court may exercise its discretion to strike the enhancement, otherwise reduce Cepeda's sentence, or reinstate the sentence previously imposed.

## DISPOSITION

The sentence is vacated. On remand, the court is directed to hold a resentencing hearing and decide whether it would serve the interest of justice to strike Cepeda's enhancement or otherwise reduce his sentence. (See § 1170, subd. (d)(1).) The court is also directed to consider any evidence Cepeda may offer concerning postconviction factors relevant to resentencing.



CURREY, J.


WE CONCUR:



MANELLA, P. J.



WILLHITE, J.

22