Filed 3/10/22  P. v. Flores CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MOISES FLORES,<br><br>    Defendant and Appellant. | D079165<br><br><br>(Super. Ct. Nos. SCD272842<br>& SCS290928) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed in part and remanded with directions.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We have independently reviewed the record in this case consistent with our obligations under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We deem appellant's request for judicial notice filed December 14, 2021, to be a motion to augment the record with documents properly before the trial court.  Accordingly, we grant the motion.  (Cal. Rules of Court, rule 8.155(a).)  We conclude there are

no arguable issues on appeal other than a correction of a clerical error on the abstract of judgment. We, therefore, order the clerk of the superior court to strike from the abstract of judgment the criminal justice administration fee in the amount of $308 because it does not conform to the court's pronouncement of judgment. In all other respects, we affirm the judgment.

BACKGROUND[1]

A. *Convictions and Sentencing*

Moises Flores pleaded guilty in June 2017 to a charge of unlawful possession of ammunition (Pen. Code,[2] § 30305, subd. (a)(1)) in case number SCS290928. He admitted he had a prior strike and served a prior prison term. After indicating it would consider granting felony probation and reducing the count to a misdemeanor, the court ordered Flores to return for sentencing on July 24, 2017.

But roughly a week before his sentencing, Flores's circumstances took a decided turn for the worse. As we explained in our prior opinion, "In the course of a chaotic fight in an apartment complex parking lot between . . . Flores and two furniture delivery men, Flores used a baseball bat and meat cleaver in what he claimed was self-defense, defense of others, or defense of property. The jury [in case no. SCD272842] accepted Flores's claim to a point, acquitting him of robbery ([ ] § 211 [count 1]) and two counts of assault with a deadly weapon (§ 245, subd. (a)(1) [counts 2 & 3]) in connection with these events. But it did not accept that Flores acted in lawful self-defense or defense of others when he ran into a stranger's

---

[1] We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

[2] Further undesignated statutory references are to the Penal Code.

apartment, returned with a meat cleaver, and used it to strike one of the delivery men in the leg.  The jury convicted Flores of a single count of assault with a deadly weapon (§ 245, subd. (a)(1) [count 4]), and he later admitted an [out on bail] enhancement, a prison prior, and a strike prior.  In a separate proceeding, Flores pleaded guilty to an unrelated vandalism charge (§ 594, subds. (a) & (b)(1) [count 5]).  Denying his motion to strike his prior strike under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530, the court sentenced Flores to a cumulative term of 10 years and four months in state prison." (*People v. Flores* (Apr. 17, 2020, D074964) [nonpub. opn.] (*Flores I*).)

With respect to the unlawful possession of ammunition charge (§ 30305, subd. (a)(1)) in case number SCS290928, the court imposed the middle term of two years, doubled to four years for the strike, plus one year for the prison prior.  It ordered the term to run concurrently with the term imposed for case number SCD272842.

B.    *Prior Appeal*

In Flores's prior appeal regarding case number SCD272842, we concluded there was no error requiring reversal of his assault conviction and no error in the court's selection of a middle-term sentence for that count.  We also concluded that the trial court did not abuse its discretion in denying Flores's *Romero* motion.  But in light of legislation passed after Flores was sentenced, the People conceded the one-year enhancement for serving a prior prison term no longer applied to Flores.  We accordingly remanded the matter for full resentencing, with directions to strike the one-year enhancement under former section 667.5, subdivision (b).  (*Flores I, supra,* D074964.)

3

C.    *Resentencing on Remand*

The trial court struck the one-year prior prison term enhancement as directed and conducted a full resentencing hearing. The court received supplemental sentencing briefs from the parties. It also considered and denied Flores's renewed *Romero* motion to strike his prior strike. The court then resentenced Flores in case number SCD272842 to a cumulative term of nine years, four months based on the middle term of three years, doubled to six years for count 4, plus one-third the middle term of eight months, doubled to 16 months for count 5 and two years for the out-on-bail enhancement (§ 12022.1).

The court next considered a letter it received from the California Department of Corrections and Rehabilitation (CDCR) stating that the court imposed an illegal sentence in case number SCS290928 by running the full sentence for the unlawful possession of ammunition offense concurrent with the sentence for the convictions in case number SCD272842. According to the letter, the sentences should have been consecutive pursuant to section 667, subdivision (c)(6) and the court should have imposed only one-third the middle term for a consecutive sentence pursuant to section 1170.1, subdivision (a). Flores asked the court to reduce the unlawful possession of ammunition charge to a misdemeanor so that it could run concurrently with the sentence in case number SCD272842 and he would not receive more time than originally imposed. The court denied the request, noting Flores's criminal history and that his arrest for case number SCD272842 was only weeks after entering the plea for unlawful possession of ammunition. It then sentenced him in case number SCS290928 to eight months (one-third the middle term of two years) doubled to 16 months, to run consecutive to case

4

number SCD272842. The total prison term for both cases is 10 years, eight months.

D.     *Current Appeal and Post-Appeal Corrections of Judgment*

Flores appealed the judgments in both cases and requested a certificate of probable cause. He contended the increase in his sentence was "judicial vindictiveness," he was denied effective assistance of counsel because he was not informed about a plea offer, and the court failed to state new or additional grounds for imposing the middle term rather than a low term. The court granted the certificate of probable cause.

Thereafter, Flores's appellate counsel sent letters to the trial court requesting correction of clerical errors on the abstract of judgment regarding assessments and credits. Counsel also asked that the criminal justice administration fee imposed pursuant to Government Code section 29550.1 be deleted from the amended abstract because authorization for those fees had been repealed by the Legislature. (Assem. Bill No. 1869 (2019-2020 Reg. Sess.), § 2 eff. Sept. 18, 2020, operative July 1, 2021.) Amended Government Code section 6111, subdivision (a) made "the unpaid balance of any court-imposed costs" pursuant to Government Code section 29550.1 "unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated."[3]

---

[3]     Government Code section 6111 provides: "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." Courts have held the balance of any costs imposed pursuant to these sections that remains unpaid as of July 1, 2021, must be vacated (*People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 953–954 (*Lopez-Vinck*); *People v. Greeley* (2021) 70 Cal.App.5th 609, 626–627.)

In response, the court made several changes to the abstract of judgment. It corrected the amounts of the court operations assessment and the criminal conviction assessment and added custody credits to include the actual days from the time of his arrest to the time of his resentencing and his pre-sentence conduct credits, which accrued while he was in local custody.[4] The court also stated the criminal justice administration fee in the amount of $308 "is deleted." That fee, however, remains on the amended abstract.

DISCUSSION

I.

Appellate counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 indicating she identified no reasonably arguable issues for reversal on appeal. She asked this court to review the record as mandated by *Wende*. Counsel identified a number of issues she considered to assist the court in conducting our independent review of the record. (*Anders, supra*, 386 U.S. at pp. 744, 745; *In re Phoenix H.* (2009) 47 Cal.4th 835, 843.)

We offered Flores the opportunity to file a supplemental brief on his own behalf. He submitted a brief identifying nearly the same issues identified by his attorney. He contends the trial court's denial of his renewed *Romero* motion and the request to reduce the unlawful possession of ammunition charge to a misdemeanor was the "result of judicial vindictiveness" and the decision was based on "impermissible factors." He also contends the prosecutor made improper arguments about his criminal

---

4    For case number SCD272842, there were 1,431 actual days plus 458 days for pre-sentence conduct credits for a total credit of 1,889 days. For case SCS290928, because of consecutive sentencing, Flores had two actual days plus two days pre-sentence conduct credits for a total of four days. (*People v. Johnson* (2004) 32 Cal.4th 260, 263, 267–268.)

6

history resulting in a denial of a fair hearing and due process. We briefly address each identified issue.

**1. Did the trial court abuse its discretion in denying appellant's renewed *Romero* motion?**

At an initial hearing after remand, the court indicated it would strike the strike to which Flores admitted in case number SCD272842. After further discussion with counsel and Flores, however, the court found good cause to grant a continuance of the sentencing hearing to allow additional briefing by both parties.

At the continued hearing, the court considered Flores's renewed motion and commented that it was a "close call." It noted, however, that Flores had been released on bail for the unlawful possession of ammunition charge at the time of the assault offense. The court quoted extensively from our prior opinion in which we determined, based on Flores's criminal history and poor performance in past periods of supervision, that "the denial of his *Romero* motion was neither irrational nor arbitrary." The court again denied the *Romero* motion for the reasons it previously indicated. The record demonstrates the trial court did not abuse its discretion in denying the renewed *Romero* motion to strike Flores's prior strike. (*People v. Carmony* (2004) 33 Cal.4th 367, 377–378.)

**2. Did the trial court err in failing to state new or additional grounds for imposing the middle term, rather than the low term?**

Section 1170, subdivision (b) gives the court discretion to choose, under certain circumstances, whether to impose the upper, middle or lower determinate term based on its consideration of mitigating and aggravating factors. (*People v. Estrada* (2020) 58 Cal.App.5th 839, 843.) It must state on the record the reasons for its sentencing choice (§ 1170, subd. (c).) Flores's

7

counsel requested the low term of two years for assault with a deadly weapon. (§ 245, subd. (a)(1).) The court selected the "presumptive mid[dle] term of three years" stating it could find no factors in mitigation and there were four factors in aggravation. The court referred to and incorporated the probation report dated March 23, 2018, which cited the four aggravating factors. All the factors that existed at the time of the original sentencing hearing remained appropriate considerations at the time of resentencing.

**3. Did the trial court abuse its discretion in denying appellant's request to reduce his conviction in case number SCD290928 to a misdemeanor?**

The court considered and rejected Flores's request to reduce his conviction in case number SCD290928 to a misdemeanor under section 17, subdivision (b) considering his criminal history both before and after this plea was taken. The court noted that the plea agreement included a *Cruz*[5] waiver in which Flores acknowledged that if he were arrested for or committed another crime before sentencing, he would be sentenced unconditionally. Nevertheless, he was arrested only shortly after this plea for the assault with a deadly weapon and vandalism charges in case number SCD272842. The court did not abuse its discretion. (*People v. Tran* (2015) 242 Cal.App.4th 877, 887–891.)

---

5      *People v. Cruz* (1988) 44 Cal.3d 1247; "A '*Cruz* waiver' gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant" breaches the agreement's conditions. (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.)

8

**4. Was the increase in appellant's sentence the result of judicial vindictiveness?**

Correcting the sentencing error identified in the CDCR letter had the effect of increasing Flores's prison sentence. It is well settled, however, that an unauthorized sentence "is subject to correction . . . 'whenever the error comes to the attention of the court, even if the correction creates the possibility of a more severe punishment.' " (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 432; *People v. Serrato* (1973) 9 Cal.3d 753, 764 [an unauthorized sentence "is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement."].) The fact that the corrected sentence resulted in more prison time for Flores does not indicate judicial vindictiveness, nor is there any other basis for reaching that conclusion based on the record.

**5. Was appellant denied effective assistance of trial counsel?**

To establish ineffective assistance of counsel, a defendant has the burden to show counsel's performance fell below the standard of reasonableness under prevailing professional norms and that the attorney's deficient performance was prejudicial in that he would have obtained a more favorable result absent the alleged error. (*Strickland v. Washington* (1984) 466 U.S. 668, 687, 694.) When we review ineffective assistance of counsel claims, our scrutiny of an attorney's performance " 'must be highly deferential' " and a defendant "must overcome the 'presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." ' " (*Bell v. Cone* (2002) 535 U.S. 685, 698.) " '[I]f the record on appeal fails to show why counsel acted or failed to act in the instance asserted to be ineffective, unless counsel was asked for an explanation and

failed to provide one, or unless there simply could be no satisfactory explanation, the claim must be rejected on appeal.' " (*People v. Huggins* (2006) 38 Cal.4th 175, 206.)  Flores did not pursue this argument in his supplemental brief and we find no basis for reversal on this issue from our independent review of the record.

**6.  Did the Prosecutor Commit Misconduct in His Resentencing Arguments?**

Flores contends the prosecutor's arguments at the resentencing hearing were improper because he stated that Flores had a history of domestic violence and that his current offenses occurred while he was on some form of supervision.  Flores denies he has been convicted of domestic violence.  He also states he was not under any form of supervision at the time he was arrested for the unlawful possession of ammunition charge, but admits he was on bail when he was arrested for the charges in case number SCD272842.

" 'A prosecutor's conduct violates a defendant's constitutional rights when the behavior comprises a pattern of conduct so egregious that it infects " 'the trial with unfairness as to make the resulting conviction a denial of due process.' [Citation.]" [Citation.]  The focus of the inquiry is on the effect of the prosecutor's action on the defendant, not on the intent or bad faith of the prosecutor.  [Citation.]  Conduct that does not render a trial fundamentally unfair is error under state law only when it involves " ' "the use of deceptive or reprehensible methods to attempt to persuade either the court or the jury." ' " ' [Citation.]  ' "A defendant's conviction will not be reversed for prosecutorial misconduct, however, unless it is reasonably probable that a result more favorable to the defendant would have been reached without the misconduct." ' " (*People v. Young* (2019) 7 Cal.5th 905, 932–933.)

Flores did not object to these statements and, therefore, forfeited the issue for appeal. (*People v. Tully* (2012) 54 Cal.4th 952, 1014.) Even if he had objected, we would not find grounds for reversible misconduct. The original complaint in case number SCD272842 charged Flores with battery of his spouse (§ 243, subd. (e)(1)) within the same range of dates as those for the vandalism charge to which he pleaded guilty. Although the battery of a spouse charge was dismissed, Flores agreed to a *Harvey*[6] waiver as part of his pleas in both cases. Therefore, it was not misconduct for the prosecutor to refer to this conduct in his sentencing arguments. Additionally, even if Flores was not under some form of supervision when he was arrested for the unlawful possession of ammunition charge, it is not reasonably probable he would have obtained a more favorable sentence absent this fleeting remark given his criminal history and his admission he was on bail when he committed the subsequent offenses. (*People v. Crew* (2003) 31 Cal.4th 822, 839.)

Our review of the record as mandated by *Wende* and *Anders* has disclosed no reasonably arguable appellate issues for reversal of the judgment. Competent counsel has represented Flores on this appeal.

## II.

The trial court stated in its December 2, 2021 minute order that the criminal justice administration fee in the amount of $308 fee was "deleted." We determined in *Lopez-Vinck*, *supra*, 68 Cal.App.5th at pages 953 to 954 that the unpaid balance of such fees should be vacated. We conclude the court's order deleting the criminal justice administration fee intended to

---

6    In *People v. Harvey* (1979) 25 Cal.3d 754, 758 (*Harvey*), the court held conduct underlying dismissed charges cannot be considered at sentencing absent a waiver.

11

vacate any unpaid balance of the fee.  The amended abstract of judgment, however, still reflects the imposition of the fee.  When the abstract of judgment does not accurately reflect the judgment pronounced by the court, we may correct the clerical error at any time.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Rowland* (1988) 206 Cal.App.3d 119, 123.)  Because the abstract of judgment does not accurately reflect the judgment of the court, we direct the clerk of the superior court to strike the $308 fee from the amended abstract of judgment.  (*Ibid.*)

## DISPOSITION

The judgment is affirmed.  However, the matter is remanded with directions for the clerk of the superior court to strike the $308 criminal justice administration fee from the amended abstract of judgment.  A certified copy of the corrected abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.

DATO, J.

WE CONCUR:


AARON, Acting P. J.


DO, J.