Filed 9/18/23  P. v. Drake CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FLOYD KEVIN DRAKE,<br><br>Defendant and Appellant. | C096568<br><br>(Super. Ct. No. CRF120143) |

Defendant Floyd Kevin Drake appeals the trial court's order resentencing him pursuant to what is now Penal Code section 1172.75[1] (then § 1171.1).  At the resentencing hearing, the trial court struck two prior prison term enhancements previously imposed under section 667.5, former subdivision (b), but failed to orally pronounce the sentence again on the record.  The trial court further failed to provide an

---

[1] Undesignated statutory references are to the Penal Code.

update of the defendant's credits. We conclude that under the facts of this case, the trial court effectively reinstated the rest of the sentence that had been previously imposed after striking only the prior prison terms and denying further relief. Accordingly, the judgment is affirmed. We do agree that remand is necessary for the trial court to prepare an updated abstract of judgment to include a calculation of the actual time spent in custody after the initial sentencing to the date of resentencing.

## BACKGROUND

In 2012, defendant pled guilty to committing second degree robbery and admitted allegations that he used a deadly or dangerous weapon, caused great bodily injury, had previously been convicted of a serious felony, and had served two prior prison terms. The trial court sentenced him to 17 years in state prison, comprising: (1) the three-year midterm for second degree robbery (§ 213, subd. (a)(2)), doubled to six years due to his prior serious felony conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)); (2) a one-year enhancement for using a deadly or dangerous weapon (§ 12022, subd. (b)(1)); (3) a three-year enhancement for inflicting great bodily injury (§ 12022.7, subd. (a)); (4) a five-year enhancement for a prior serious felony conviction (§ 667, subd. (a)(1); and (5) two one-year enhancements for prior prison terms (§ 667.5, former subd. (b)).

In November 2021, defendant filed a petition seeking to have his sentence recalled and to be resentenced in accordance with section 1172.75, which makes defendant's prior prison term enhancements "legally invalid" and requires the trial court to recall defendant's sentence and resentence him. (§ 1172.75, subds. (a), (c).)[2] The trial court set a hearing and referred defendant to the public defender's office. Through appointed

---

[2] We recognize that the trial court could have denied this petition. Under the statute, the Legislature provided an express system for the orderly implementation of relief that did not include the defendant being able to initiate such relief by way of a petition. (§ 1172.75, subds. (b), (c); *People v. Burgess* (2022) 86 Cal.App.5th 375.)

counsel, defendant then filed a motion seeking the same relief as his petition. The People filed a document indicating they did not oppose defendant's request to have the two legally invalid enhancements eliminated from his sentence but asserting defendant was not entitled to any other changes to his sentence.

After the Legislature amended section 1385, effective January 1, 2022, (see Stats. 2021, ch. 721, § 1), defendant filed a supplement to his petition, asking the trial court to dismiss all but one of his enhancements and, specifically, to dismiss the five-year enhancement for a prior serious felony conviction. The People opposed defendant's supplemental request, arguing dismissal of additional enhancements was not in the interest of justice and would endanger public safety.

The trial court recalled defendant's sentence and held a resentencing hearing in accordance with section 1172.75.[3] The trial court reviewed the evidence and heard argument from both parties, including evidence of defendant's disciplinary record while incarcerated. (See § 1172.75, subd. (d)(3).) The court first dismissed the two prior prison term enhancements, as required by section 1172.75. The court then considered defendant's request to dismiss the five-year prior serious felony enhancement because recent changes to section 1385 added new mitigating circumstances that weigh in favor of dismissing enhancements. After considering the age of the prior serious felony conviction (§ 1385, subd. (c)(2)(H)) and that multiple enhancements were alleged in the case (§ 1385, subd. (c)(2)(B)), the court ultimately denied defendant's request because

---

[3] The trial court's authority to recall the sentence was contingent upon receiving the information as specified in section 1172.75, subdivision (b), from the Secretary of the Department of Corrections and Rehabilitation (CDCR) that included the defendant's name, date of birth, and case number. The record is silent as to whether the CDCR provided such information. In any event, we can presume the trial court followed the proper procedures: "Absent evidence to the contrary, we presume that the trial court knew and applied the governing law." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1390.)

defendant's history of substance abuse and violence and his numerous rule violations in prison indicated dismissing the enhancement would endanger public safety.

The trial court said nothing further about defendant's sentence. However, it was also clear from the record that the parties and the court understood that the remaining portion of the initial sentence that had been imposed should remain intact. Neither the defendant who was present nor his counsel objected to the court's failure to state the full sentence on the record or requested further clarification. After the ruling, the parties agreed the trial court should prepare a new abstract of judgment, and the court assented. The court then adjourned the hearing. A new abstract of judgment was in fact prepared, imposing a 15-year sentence.

Defendant timely appealed.

## DISCUSSION

Defendant's appointed counsel filed a brief asking this court to conduct an independent review of the record to determine whether there were any arguable issues on appeal, pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We requested supplemental briefing addressing whether the trial court erred by failing to pronounce a sentence at the resentencing hearing and whether any such error required remand. In the appellant's supplemental brief, he argues that the matter must be reversed and remanded due to the trial court's failure to orally pronounce sentence. The People agree that the trial court erred but argue that it was harmless under the facts of this case. Both parties further identified a credits error that required remand. We shall affirm the judgment, but remand to correct the credits.

A.      *Pronouncing Judgment Upon Resentencing Under Section 1172.75*

The trial court recalled defendant's sentence pursuant to section 1172.75 and conducted a resentencing hearing under that statute. At the conclusion of the resentencing hearing, the court dismissed the two invalid prior prison terms but did not formally resentence the defendant and state on the record the full sentence to be imposed.

4

As the parties recognize, at a sentencing hearing the court must orally pronounce the sentence on the record.  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9; see §§ 1191, 1202; Cal. Rules of Court, rule 4.433(c)(5).)  The question here is whether the trial court complied with the resentencing requirements as proscribed under section 1172.75, and whether its failure to pronounce a new sentence at the conclusion of the hearing requires remand.

In interpreting section 1172.75, we examine the text " ' " ' "to determine the Legislature's intent so as to effectuate the law's purpose." " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  "We consider the ordinary meaning of the relevant terms, related provisions, terms used in other parts of the statute, and the structure of the statutory scheme." (*McHugh v. Protective Life Ins. Co.* (2021) 12 Cal.5th 213, 227; see also *Busker v. Wabtec Corp.* (2021) 11 Cal.5th 1147, 1159 ["The words say what they say: their meaning is understood from the context in which they are used"].)  "We also generally avoid a reading that renders any part of a statute superfluous." (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1030.)

Section 1172.75, subdivision (c) provides in part that "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."  Initially, we note the trial court recalled defendant's prior sentence pursuant to section 1172.75 because the sentence included sentence enhancements "imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5," which were not imposed for sexually violent offenses defined in Welfare and Institutions Code section 660, subdivision (b).  (§ 1172.75, subds. (c), (a).)  The statute does not define what is meant by the term "recall."  Recall can mean "cancel, revoke," "to call back," "to bring back to mind," or "restore, revive."  (Merriam-Webster's Unabridged Dict. Online (2023) <https://unabridged.merriam-webster.com/collegiate/recall, par.1> [as of Sept. 13, 2023], archived at: <https://perma.cc/N6RY-HRJW>.)

5

Once the trial court has recalled a sentence, section 1172.75 provides four directives for resentencing:

(1) Resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

(2) Resentencing "shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

(3) "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

(4) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).)

These directives indicate the Legislature intended that the recall and resentencing hearing should result in a lesser sentence unless there is clear and convincing evidence that it will endanger public safety and should not result in a longer sentence. Additionally, the Legislature intended that the trial court conduct the resentencing hearing and apply changes in law that reduce sentences or provide for judicial discretion.

Upon review of the record in this case, the trial court complied with the statutory requirements of section 1172.75, subdivision (d). The trial court struck the two invalid prior prison terms, resulting in an overall reduction of the total sentence. The court knew of its discretion in light of the recently enacted changes to section 1385, and ultimately

6

denied striking the enhancement under section 667, subdivision (a)(1) after conducting a hearing as to whether or not that enhancement should be stricken. As explained above, a court must orally pronounce the sentence on the record, and here the court failed to do so at the resentencing hearing. The best practice for all resentencing hearings under section 1172.75 should be for the trial court to orally pronounce judgment upon the conclusion of the resentencing hearing, if even just to confirm the prior sentence imposed absent the invalid enhancement. However, in this case, it is clear that the trial court was in effect reinstating the previously imposed sentence that had been orally pronounced on the record, absent the two invalid prior prison terms. Neither party objected or sought clarification at the conclusion of the hearing, and an abstract of judgment was ultimately prepared consistent with everyone's expectations. Accordingly, under these facts, the judgment is affirmed.

B.      *Updated Custody Credits*

In their supplemental briefing, the parties agree the trial court should have updated defendant's custody credits when preparing an amended abstract of judgment. We agree with the parties.

Pursuant to section 2900.1, "[w]here a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." As such, the sentencing court must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37; §§ 2900.1, 2900.5; see generally Couzens et al., Sentencing California Crimes (The Rutter Group 2023) §§ 15:15, 15:20, 15:24, 26:6.) The updated total of credits must then be added to the abstract of judgment. (*People v. Phoenix* (2014) 231 Cal.App.4th 1119, 1125, 1130; § 2900.5.) Because defendant's conviction was not reversed, defendant was not eligible to earn additional

presence conduct credits (see § 4019) while awaiting resentencing.  (*People v. Johnson* (2004) 32 Cal.4th 260, 268.)  Conduct credits earned by defendant during his prison sentence (see §§ 2930-2935) are the responsibility of the CDCR and need not be added to the updated abstract.  (*In re Martinez* (2003) 30 Cal.4th 29, 37; Cal. Const., art. I, § 32, subd. (a)(2).)

Here, the trial court did not update defendant's custody credits when it prepared a new abstract of judgment, but instead specified the same credits for time spent in custody and for presentence conduct awarded at the initial sentencing.  Upon remand, the trial court will need to, in addition to restating the initial presentence credits awarded as of the initial sentencing date, include on the new abstract of judgment the actual days spent in CDCR custody after the time of the initial sentencing to the date of the resentencing.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare an updated abstract of judgment, including a calculation of the actual time spent in custody after the initial sentencing to the date of resentencing, and forward a certified copy to the Secretary of the CDCR.

_____/s/_____,
HORST, J.*

We concur:

_____/s/_____,
RENNER, Acting P. J.

_____/s/_____,
BOULWARE EURIE, J.

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9